Eugenio A. AGUILAR, III, Appellant,

v.

Paxson BARKER, Appellee.

No. 01–84–0795–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 31, 1985.

Rehearing Denied Nov. 27, 1985.

Joe H. Renz and Deborah K. Bailey, Renz, Burg & Associates, Houston, for appellant.

Burta Rhoads Raborn, Houston, for appellee.

Before JACK SMITH, SAM BASS and LEVY, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a judgment for child support in an involuntary paternity suit. The child was born on July 16, 1981, and appellee filed her original petition to establish paternity less than two months later, on September 1, 1981. Appellant stipulated on the day of trial that he was the biological father, and the only issues submitted to the court were the issues of child support and attorney's fees. The trial court entered an order that the appellant pay child support to appellee in the amount of $500 per month in addition to $18,500 calculated as "retroactive" expenses for child support from the time the child was born.

Appellant contends in his first two points of error that there was no evidence to support the trial court's findings, or in the alternative, that the evidence was insufficient to support the trial court's findings.

In considering a "no evidence" point, the appellate court considers the evidence in the light most favorable to the trial court judgment, giving effect to all reasonable inferences that may properly be drawn therefrom, and disregarding all contrary or conflicting evidence. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex. 1981).

When considering an insufficient evidence point of error, the appellate court considers and weighs all the evidence in the case to determine whether it is so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The appellant entered a personal financial statement into evidence specifying his assets and liabilities. Appellant's tax records were also introduced, and he testified in detail as to his financial capabilities. When viewed in the light most favorable to the trial court's decision, there was some evidence to support the judgment. The uncontroverted testimony from the appellee was that the cost to support the minor child was $540 per month, with additional expenses lumped with the appellee's expense, which we do not consider in our review of the evidence. After reviewing all the evidence in this case, we conclude that the evidence is factually sufficient to support the trial court's judgment of child support in the amount of $500 per month. Points one and two are overruled.

■ Appellant also contends, in his third point of error, that the award of $500 per month child support was against the great weight and preponderance of the evidence and was excessive under the facts.

The record indicates that the appellant offered detailed information concerning his financial status, including bank records, IRS records, and testimony, as well as a personal financial statement. The record further indicates that the appellant has an annual income of $34,800 and that the combined income between himself and his wife was $41,890 in 1983.

In nonjury cases where no findings of fact and conclusions of law have been filed, the appellate court applies all necessary

inferences in support of the judgment. *Ramey v. Ramey*, 425 S.W.2d 900 (Tex.Civ. App.—Eastland 1968, writ ref'd n.r.e.). No findings of fact or conclusions of law have been filed, and this court must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *See Bray v. Bray*, 576 S.W.2d 664 (Tex.Civ.App.—Beaumont 1978, no writ).

■■■ Every case concerning child support must be reviewed on its own facts, and the trial court's determination of the amount of child support to be paid will not be disturbed unless there is a clear abuse of discretion. *Grandinetti v. Grandinetti*, 600 S.W.2d 371 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex.Civ.App.— Corpus Christi 1976, writ dism'd). Moreover, the trial court has wide discretion in making its determination. *Brito v. Brito*, 346 S.W.2d 133, 134 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.). Appellant has not shown a clear abuse of discretion by the trial court, and the record does not indicate that the trial court's judgment was against the great weight and preponderance of the evidence. Accordingly, appellant's point of error number three is overruled.

■ Appellant contends in his fourth point of error that the award was excessive under the facts. We have examined the record and find that there was some evidence of probative value to support the judgment. Although the determination of the amount to be paid in child support must be supported by evidence showing an ability to pay such amount, the decision as to the obligation to pay child support is a discretionary act not to be disturbed unless a clear abuse of discretion is shown. *Grandinetti*, 600 S.W.2d at 372–73. We find no such abuse of discretion. Therefore, appellant's fourth point of error is overruled.

■ Appellant contends in his fifth point of error that the trial court erred in granting a judgment against the appellant for "retroactive" child support, because the judgment did not conform to the pleadings. Appellant contends that because appellee's original petition to establish paternity did not specifically plead for retroactive child support, the judgment does not conform to the pleadings.

Appellee requested, in paragraph VIII of her original petition to establish paternity, that appropriate orders be made for support of the child. However, she did not specifically request expenses for child support since the birth of the child. No amended pleadings concerning child support were filed by appellee, and appellant therefore asserts that he was not aware that appellee was asking for retroactive child support until the request was made.

In an appeal from a judgment in an involuntary paternity suit, the court held in *Adams v. Stotts*, 667 S.W.2d 798 (Tex.App. —Dallas 1983, no writ), that the trial court erred by refusing to consider the expenses accumulated by appellant from the date of the child's birth in determining the amount of support. The court held that the care and welfare of the child "from birth" is within the scope and purpose of the Tex. Fam.Code Ann. sec. 13.42(a) (Vernon Supp. 1985), which provides for child support when paternity is established. *Adams*, 667 S.W.2d at 800. Although an alleged father may not be required to make payments for child support until paternity is established, appellant stipulated that he was the biological father on the first day of trial.

Detailed pleadings are not required in suits affecting the parent-child relationship, because the paramount concern of the court is the best interests of the child, and therefore, the technical rules of pleading and practice are of little importance. *Boriack*, 541 S.W.2d at 242; *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex.1967). Accordingly, we conclude that the trial court did not err by awarding the costs incurred in supporting the child from the date of birth to the date of judgment of paternity. Appellant's fifth ground of error is overruled.

Appellant contends in his sixth, seventh, and eighth points of error that the evidence is insufficient to support the judgment awarding appellee $18,500 in "retroactive" child support; that such judgment is against the great weight and preponderance of the evidence; and that such amount is excessive and an abuse of discretion.

More specifically, appellant contends that the appellee did not present evidence showing proof of purchase of items such as baby food, furniture, clothing, or accessories. Appellant concludes that because the actual expenses for the child were not completely itemized, the evidence is insufficient to support the judgment.

Appellee presented evidence of child care, gymnastic lessons, dance lessons, weekend child care, and insurance expenses. Appellee further testified that she has borrowed money from friends and family to pay for expenses and could not pay her income taxes for last year.

A court's order of child support will not be disturbed unless the complaining party shows a clear abuse of discretion. *Brito*, 346 S.W.2d at 134. The amount a parent is required to pay in child support should not be so great as to deny that party the necessary expenses of living. *Kominczak v. Kominczak*, 474 S.W.2d 749 (Tex.Civ.App. —Houston [1st Dist.] 1971, no writ). However, appellant has not shown this court that his financial situation is such that the trial court's order is a clear abuse of discretion.

The trial court's judgment in this matter must be affirmed if it can be upheld on any legal theory supported by the evidence. *See Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); *Gary v. Gary*, 631 S.W.2d 781, 783 (Tex.App.—El Paso 1982, writ ref'd). Additionally, this court must consider the evidence in the light most favorable to the trial court's judgment, disregarding all evidence to the contrary. *Glover*, 619 S.W.2d at 401. Accordingly, we hold that there was sufficient evidence to support the trial court's judgment and also that the court's judgment was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See In re King's Estate*, 150 Tex. 662, 244 S.W.2d 260. Appellant's sixth, seventh, and eighth points of error are overruled. The judgment of the trial court is affirmed.