**B.I.V. and Dolores E. Valadez, Appellants,**

v.

**Raul L. LONGORIA, Appellee.**

No. 13–94–115–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 2, 1995.

Rehearing Overruled April 20, 1995.

Adolfo "Al" Alvarez, McAllen, TX.

John F. Campbell, Campbell & Morgan, Austin, Dolores E. Valadez, Mission, for appellants.

John Robert King, McAllen, Rene O. Oliveira, Roerig, Oliveira, & Fisher, Brownsville, for appellee.

Before DORSEY, YAÑEZ and DEVANY,[1] JJ.

## OPINION

JOSEPH A. DEVANY, Justice (Assigned).

Essential to an understanding of this case is a summary of the events that occurred in the trial court.

In the lawsuit below the Attorney General of Texas filed a Petition to Establish the Parent–Child Relationship in the interest of B.I.V., a minor child, on May 29, 1992. In that petition, the minor child was described as a male child born March 9, 1978. Dolores E. Valadez was described as the biological mother of the said child and the Attorney General stated in the petition that process may be served on her. Raul L. Longoria was alleged to be the biological father of the said minor child and process was to be served on him or he would execute a statement of paternity and a waiver of citation. Longoria was served on June 25, 1992, and he filed a response on July 20, 1992, denying paternity.

Basically, the petition prayed that paternity be established, that conservatorship be established for the child, that the court consider whether good cause exists to change the surname of the minor child, that appropriate orders be entered for support of the child, including retroactive support, medical support, withholding order from earnings, financial information, and that Longoria be ordered to pay attorney's fees, costs, and other amounts in favor of the Attorney General of Texas or other parties as may be appropriate. The suit was brought under Chapter 76, Texas Human Resources Code by the Attorney General of Texas. It was not brought as the next friend of the minor, nor was the petition signed on behalf of the minor. The petition is clearly by the Attorney General of Texas as the petitioner.

It is undisputed that Dolores E. Valadez is the mother of B.I.V., both of whom are the appellants in this appeal. B.I.V. was fourteen years old when the petition was filed. It is also essential to this appeal to note that the Attorney General, the petitioner below, has not appealed the judgment in this case.

The two volume transcript reflects that there was considerable pre-trial activity on both sides in connection with all facets of the case, including: discovery matters, depositions, interrogatories, appointment of a master, protective orders, request for sanctions, motion for paternity testing, motion for con-

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

tinuance, assignments of visiting judges, motion for attorney ad litem for B.I.V., mediation, attempted pleadings by Dolores E. Valadez and her "Respondent's Original Answer," a docket control order requiring Dolores to file a brief to support her position that she had standing in the lawsuit, Longoria's first amended answer which withdrew his denial of paternity with an affidavit of his income, and finally a hearing on August 9, 1993, followed thereafter by a final judgment in the paternity suit.

Dolores' original answer, filed about fifteen months after the petition was filed, contains no denials. Her answer admits everything that the Attorney General alleged, hence, is self serving and bolsters the petition. She filed no cross-action.

While the transcript is voluminous, the statement of facts consists of only twenty-five pages of dialogue between the court and the attorneys that occurred on August 9, 1993, the date of the final hearing. The attorney for petitioner, the Attorney General, announced ready. Longoria's attorney announced that he had offered a settlement. In reference to the settlement, the attorney ad litem said he would have a recommendation on behalf of the child in a few days. Dolores' attorney appeared and announced that he had filed a motion for continuance that morning, but it was evident at said hearing that the question of the standing of Dolores in this case was clearly not resolved by the court. The Attorney General confirmed that it had approved the settlement agreement between itself and Longoria which would effectively eliminate all the issues in the lawsuit. Respondent Longoria then offered the proposed agreement as respondent's exhibit one for the court to take under advisement. The court accepted the document. Dolores' attorney wanted a copy of the document, but, because of the issue of her standing as a party, there was considerable discussion about that. The court decided to keep the original of the agreement in its possession and not in the clerk's file. The court stressed that the document was not admitted although it was identified as respondent's exhibit one. The court stated that the document was a working product

and "may not end up in total being adopted by the court." The court further stated that "anything we can do toward resolving this [case] is in the best interest of the child." The court stressed that he did not want the agreement made public.

The court then directed Dolores' attorney to submit a brief on Dolores' standing by September 10, 1993, and he gave Longoria a week thereafter to respond. The conclusion of the August 9, 1993, hearing was that if the court determined that Dolores had no standing in the case, the court would then proceed to judgment between the Attorney General and Longoria using the stipulated facts in the agreement as a guide. If the court decided Dolores did have standing, the matter would go back to "square one" and pre-trial hearings, discovery, and an evidentiary trial would be necessary.

The statement of facts outlined above contains no testimony and no evidence. However, the agreement submitted by Longoria with the approval of the Attorney General appears to have contained stipulated facts and the court indicated that it would use the agreement as its guide in drawing a final judgment between the Attorney General and Longoria. It is evident that the court was of the opinion that the agreement contained confidential information which the court deemed should not be made public in the best interests and welfare of the child.

The final judgment of the court was subsequently issued on November 8, 1993. It resolved all issues and the record indicates that the Attorney General, Longoria, and the attorney ad litem agreed to it without a formal signing. The judgment specifically ordered: Dolores E. Valadez' request for leave to intervene as a party to the proposed settlement agreement was denied; sanctions were granted against Longoria which resulted in striking his pleadings, and a default judgment was thus rendered against him; Longoria was declared to be the father of B.I.V.; Dolores was appointed managing conservator; Longoria was appointed possessory managing conservator; and support was ordered. The court found that the net resources available to the obligor per month were in excess of $6,000 and no variance

from the guidelines for support were warranted. The sum of $37,200 was ordered to be paid for future child support. Health insurance was provided for in the decree. The decree ordered that the child's name remain unchanged. The court ordered retroactive child support in the sum of $75,000 to be paid in three installments of $25,000 each over three years. The court ordered a trust to be set up for the child's benefit.

Subsequently, the court filed Findings of Fact and Conclusions of Law in support of its judgment which were based upon the court taking judicial notice of the matters contained in the court's file.

### THE APPEAL

■ The Attorney General of Texas does not appeal the judgment of the trial court. It appears that the petition and the judgment litigated all matters prayed for by the petitioner. In the absence of an abuse of discretion or a showing that the best interests of the child were not served, the judgment appears to be just and equitable. An abuse of discretion occurs when the court acts without reference to any guiding rules and principles or in an arbitrary or unreasonable manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Clements v. League of United Latin American Citizens,* 800 S.W.2d 948, 952 (Tex.App.—Corpus Christi 1990, no writ).

Dolores E. Valadez, through an attorney, and B.I.V., pro se, have filed separate appeals. Dolores presents eight points of error. B.I.V. presents two points of error which are similar to two of Dolores' points of error. However, there are serious jurisdictional questions that we are compelled to address first. *See R.M.H. v. Messick,* 828 S.W.2d 226 (Tex.App.—Fort Worth 1992, no writ); *Stroud v. Stroud,* 733 S.W.2d 619 (Tex. App.—Dallas 1987, no writ).

■ Having determined that the child was not a party to the paternity suit, we turn to the question of whether the child is nevertheless entitled to appellate review because under the doctrine of 'virtual representation'

his rights were adjudicated in the State's lawsuit. *Stroud,* 733 S.W.2d at 621. In resolving this question, it is not sufficient that the child is interested in or affected by the matter litigated. *Id.* Instead, his interests must have been identical to those of the State before the child will be considered to have been 'virtually represented' by the State, and thus entitled to appellate review. *Id.*

> The child's interests, however, in establishing the parent-child relationship with his father, extend far beyond support, they include the right to a relationship with his father, the avoidance of the social stigma imposed on those burdened by the status of illegitimacy, and the right to inherit. The identity of interests depends upon a careful examination of the facts and circumstances involved in each case. Mindful of this [admonition], we cannot say under the present facts that the interest of the State was so identical with those of the child that the child's other interests were certain to have been adequately represented. Consequently, we hold that the child was not virtually represented by the State in the latter's paternity suit against the alleged father of this child.

*Id.* at 621–622 (citations omitted).

We hold that the minor child in the instant suit was not virtually represented by the State in this case.

As to the mother's right to appeal the judgment below, as we have said, the parties to the lawsuit were the Attorney General and Longoria. The minor child has received benefits in excess of the child support guidelines. The mother filed an answer fifteen months after she received notice of the suit. Her answer admits all items in the petition as true. She filed no cross action for affirmative relief. Each of the child's parents had a duty to support him. This is not a contest between Longoria and the mother of the minor child.

■ The parties to the lawsuit have accepted the judgment of the court. It appears that the court rendered the judgment based upon an agreement between those parties and stipulated facts provided to the court. The effect of an agreed or consent

judgment is to deprive a party of the right to appeal, thus, making it a jurisdictional issue. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993) (standing is a component of subject matter jurisdiction); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 563 (Tex. App.—Dallas 1989, no writ) (dismissing appeal as to issues covered by agreed judgment).

"Generally, only parties of record may exercise a right of appeal." *Continental Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987). The Fifth Court of Appeals has recognized 'standing' for non-parties where the non-party was bound by the judgment and the record established "their privity of estate, title or interest." *Jernigan v. Jernigan*, 677 S.W.2d 137, 141 (Tex.App.—Dallas 1984, no writ). It must also be noted that an appealing party may not complain of errors "which do not injuriously affect him or which merely affect the rights of others." *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150 (Tex.1982) (quoting *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973)). More recently, this rule has been stated as "only the person whose primary legal right has been breached may complain [on appeal]." *Weaver v. AIDS Servs.*, 835 S.W.2d 798, 804 (Tex.App.—Austin 1992, writ denied); *Sherry Lane Nat'l Bank v. Bank of Evergreen*, 715 S.W.2d 148, 152 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

Under the Family Code, the child is not a necessary party to a paternity suit. Tex. Fam.Code Ann. § 13.07(a) (Vernon Supp. 1994). There is a presumption, which is rebuttable, that the child's interests are adequately represented in a paternity trial on the merits. *Id.* The Family Code specifically allows for settlement of paternity suits. Tex.Fam.Code Ann. § 13.07(b) (Vernon Supp.1994).

Texas Government Code § 22.220(c) provides that

> Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.

Based on the record before this court, we hold that B.I.V. was not a party to the suit below. Dolores E. Valadez was named as a defendant in the suit and was served with citation as a necessity because she is the biological mother of the child. She admitted this in her response. She filed no cross action. She was named as managing conservator of the minor child which was within the proper determination of the trial court. It is obvious from the record that she was in accord with such appointment, thus she is not an aggrieved party as her interest was not affected by the trial court's judgment. The child support determinations were generous and it appears that the minor child's best interests were well served. We hold that Dolores E. Valadez does not have 'standing' to appeal the judgment in this case.

This appeal is dismissed.