**In the Interest of J.H., a Child.**

No. 04–97–00445–CV.

Court of Appeals of Texas, San Antonio.

Dec. 17, 1997.

J. Patrick Guerra, San Antonio, for Appellant.

Clarence V. Bray, Ben R. Chappell, Bray & Chappell, Inc., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

Patricia Tamez Herrera ("Herrera") appeals a decree entered in a paternity suit. In two points of error, Herrera contends the trial court erred in refusing to award her retroactive child support to 1985. We affirm the trial court's judgment

### FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 1994, Herrera filed an original petition to establish paternity of her daughter, J.H. J.H. was born on February 3, 1984, and, at the time the petition was filed, J.H. was nine and one-half years old. J.H. had lived in her maternal grandparents' home her entire life. Herrera also resided in the same home with J.H. except for a brief period of time during which she had married and lived in another house with her husband. After Herrera separated from her husband, she returned to live in her parents' home with J.H.

Phillip Keffer ("Keffer") filed a general denial in response to the petition; however, on the date of the hearing, Keffer stipulated that he was the father, and the parties agreed that future support would be in the amount of $566 per month. The only issue before the trial court at the hearing was the amount, if any, to be awarded for retroactive child support. After hearing the evidence, the trial court awarded Herrera retroactive child support in the amount of $11,320, stating "[t]hat's the same rate back to March of last year when you [Keffer] answered this case." The only issue on appeal is whether the trial court erred in refusing to award Herrera retroactive child support to 1985, the year after J.H. was born.

### RETROACTIVE CHILD SUPPORT

■ Section 160.005 of the Texas Family Code ("Code") provides that upon a finding of parentage in a paternity action, the trial court *may* order support retroactive to the time of the birth of the child. TEX. FAM.CODE ANN. § 160.005(b) (Vernon 1996). In making an award for retroactive child support under section 160.005, the trial court must use the child support guidelines provided by chapter 154 of the Code, together with any relevant factors. TEX. FAM.CODE ANN. § 160.005(c) (Vernon 1996). Therefore, the trial court is required to consider both the chapter 154 guidelines and any other relevant factors.

Section 154.131 of the Code provides that the child support guidelines are intended to guide the court in determining the amount of retroactive child support, *if any*, to be ordered. TEX. FAM.CODE ANN. § 154.131(a) (Vernon 1996). In determining whether to order retroactive child support, the court must consider the net resources of the obligor during the relevant time period and whether:

(1) the mother had made any previous attempts to notify the biological father of his paternity or probable paternity;

(2) the biological father had knowledge of his paternity or probable paternity;

(3) the order of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and

(4) the obligor had provided actual support or other necessaries before the filing of the action.

TEX. FAM.CODE ANN. § 154.131(b) (Vernon 1996).

■ From the statutory language emphasized above, it is clear that the trial court has discretion in deciding whether to award retroactive child support and in deciding the amount of such an award. TEX. FAM.CODE ANN. §§ 154.131, 160.005 (1996). Therefore, we will not reverse the trial court's judgment absent an abuse of discretion. *See Nordstrom v. Nordstrom*, No. 01–96–00956–CV, 1997 WL 706736, at *1, —— S.W.2d ——, —— (Tex.App.—Houston [1st Dist.], Nov.6, 1997, n.w.h.); *Cohen v. Sims*, 830 S.W.2d 285, 288 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Aguilar v. Barker*, 699 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1985,

no writ). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *In re G.J.S.*, 940 S.W.2d 289, 293 (Tex.App.—San Antonio 1997, no writ).

In this case, the trial court heard detailed testimony regarding Keffer's income and assets from which the trial court could determine whether a retroactive order of child support would impose an undue financial hardship on Keffer and his family. *See* TEX. FAM.CODE ANN. § 154.131(b)(3) (Vernon 1996). In addition, the trial court heard evidence that Keffer had provided a limited amount of support upon Herrera's requests in accordance with the parties' verbal agreement.[1] *See* TEX. FAM.CODE ANN. § 154.131(b)(4) (Vernon 1996). Finally, the trial court heard evidence that J.H. had resided in the home of her maternal grandparents her entire life, including the period of time during which Herrera did not reside in that home. *See* TEX. FAM.CODE ANN. § 160.005(c) (Vernon 1996)(allowing trial court to consider other relevant factors); *see also* TEX. FAM.CODE ANN. § 154.123(b)(10) (Vernon 1996)(listing furnishment of housing by another as a factor to be considered in deviating from the child support guidelines). Although the trial court also heard evidence that Keffer knew of his paternity since J.H.'s birth and that the amount of previous support was limited and some requests for support by Herrera had been denied, we cannot say that the trial court did not act in reference to guiding rules and principles in reaching its judgment based on the totality of the evidence.

### CONSTITUTIONALITY

 Herrera also contends that the trial court's failure to award the retroactive child support denied J.H. equal protection citing *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). However, the constitutional problem addressed in *Gomez* was the denial of a child's essential right to support from his or her natural father based exclusively on the child's illegitimate status. *Id.* at 539, 93 S.Ct. at 875. That constitutional

problem is not present in this case since the limitation on the amount of retroactive child support awarded was based on the factors listed in sections 154.123, 154.131 and 160.005 of the Code, not on J.H.'s illegitimate status. These same factors are applicable in determining whether to award retroactive child support to a particular date regardless of the marital status of the parents. *See Nordstrom v. Nordstrom*, 1997 WL 706736, at *7, —— S.W.2d at —— (applying factors in considering retroactive award of increased support for child born during marriage). Therefore, since J.H.'s illegitimate status was not the basis for the limitation on the amount of retroactive child support awarded, there was no denial of equal protection.

### CONCLUSION

The trial court did not abuse its discretion in limiting its award of retroactive child support to $11,320. Since the limitation on the amount awarded was not based on J.H.'s illegitimate status, the trial court did not deny J.H. equal protection. The judgment of the trial court is affirmed.

---

**1.** The amount of support provided by Keffer was approximately $1,500. Herrera testified that she last received support in 1986. Keffer testified that he last provided some support in 1989.