**In The Interest Of S.E.W., A Child.**

**No. 06–97–00103–CV.**

Court of Appeals of Texas,
Texarkana.

Jan. 27, 1998.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Steven Foster appeals from a judgment awarding Peggy Wagner retroactive child support. The child the subject of this suit was born to Peggy Wagner on November 16, 1978. Wagner filed an original petition to establish paternity on September 26, 1996, six weeks before the child turned eighteen. In that petition, she asked for retroactive child support, medical expenses, maintenance of medical and health insurance, and attorney's fees. A genetic screen was conducted, and the court found that the DNA tests conclusively determined that Foster was the father. The evidence shows that they all lived in the same small community and that Foster was fully aware of the child's existence. There is also evidence that Wagner told Foster the child was his and evidence that she had asked for financial help from him over the years. Foster declined each request.

Foster contends that the judgment awarding retroactive child support should be reversed, claiming that the trial court abused its discretion by not considering Wagner's eighteen-year delay in notifying him of his possible paternity, and also claiming that the common-law theory of laches prevented recovery.

The governing statute is TEX. FAM.CODE ANN. § 160.005 (Vernon 1996). The statute reads in part as follows:

> (b) On a finding of parentage, the court may order support retroactive to the time of the birth of the child and, on a proper showing, may order a party to pay an equitable portion of all prenatal and postnatal health care expenses of the mother and child.

The terms of the statute are not mandatory, and the trial court is thus empowered to exercise its discretion in ordering an unwilling parent to pay retroactive child support and an equitable portion of other specified expenses. The court is to use the

Elizabeth Ann Fulton, Longview, for appellant.

Peggy Delores Wagner, Diana, for appellee.

child support guidelines provided by Chapter 154 in making its order for retroactive child support. TEX.FAM.CODE ANN. § 154.131 (Vernon 1996) provides:

(a) The child support guidelines are intended to guide the court in determining the amount of retroactive child support, if any, to be ordered.

(b) In ordering retroactive child support, the court shall consider the net resources of the obligor during the relevant time period and whether:

(1) the mother of the child had made any previous attempts to notify the biological father of his paternity or probable paternity;

(2) the biological father had knowledge of his paternity or probable paternity;

(3) the order of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and

(4) the obligor has provided actual support or the other necessaries before the filing of the action.

■ The statutory language indicates that the trial court has discretion in deciding whether to award retroactive child support and the amount of such an award. TEX.FAM. CODE ANN. §§ 154.131, 160.005; *In re J.H.*, 961 S.W.2d 550, 551 (Tex.App.—San Antonio, 1997, n.w.h.). Therefore, we will not reverse the trial court's judgment absent an abuse of discretion. *Nordstrom v. Nordstrom*, No. 01–96–00956–CV, 1997 WL 706736, at *2, —— S.W.2d ——, —— (Tex.App.—Houston [1st Dist.], Nov.6, 1997, n.w.h.); *Cohen v. Sims*, 830 S.W.2d 285, 288 (Tex.App.—Houston [14th Dist.] 1992, writ denied). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *In re G.J.S.*, 940 S.W.2d 289, 293 (Tex.App.— San Antonio 1997, no writ).

■ In the present case, there is conflicting testimony about whether the mother had informed Foster of her claim that the child was his and about whether he acknowledged that it was his child. The mother testified that when the child was born she told people that the child was fathered by another individual, but also testified that Foster aided in that fabrication. It is clear that Foster had previously provided no support for the child. There was testimony concerning Foster's financial situation before the trial court set the amount of retroactive child support, and Foster does not contend that the order is improper because it imposes an undue financial hardship. The trial court had testimony about the requisite factors before it for consideration, and its award is not so excessive as to permit us to conclude that it abused its discretion in setting the amount of retroactive child support.[1]

■ Foster also argues that the equitable defense of laches should apply to prevent recovery. He bases this contention upon his position that the mother intentionally failed to notify him that the child was his until the child had reached the age of majority. Even if we assume that laches can apply to this case, the testimony conflicts about the date Foster was informed of Wagner's claim that the child was his. The mother testified that she informed Foster that the child was his before the child was born. Foster claimed otherwise. Thus, Foster's argument that laches can apply as a matter of law fails in the face of conflicting evidence.

The judgment is affirmed.

---

1. The trial court set the amount of retroactive child support at $24,000.00, to be paid at the rate of $500.00 per month.