TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00450-CV







John Hayden McAuliffe, Appellant



v.



The Attorney General of Texas and Sarah Klusczinski, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-12234, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Appellee the Attorney General of Texas, on behalf of Sarah Klusczinski, sued
appellant John Hayden McAuliffe to determine that he was the father of Christa Diane McAuliffe,
to establish conservatorship, and to obtain current and retroactive support for Christa. Following
a hearing before an associate judge, the district court rendered an order establishing the parent-child relationship, naming McAuliffe possessory conservator of Christa, and requiring McAuliffe
to pay both current and retroactive child support. On McAuliffe's timely request, the district
court filed findings of fact and conclusions of law. We affirm the district court's order.

 On appeal, McAuliffe contests only that portion of the order awarding retroactive
child support. McAuliffe agrees that he is responsible for support from February 1990 to May
15, 1998, but challenges the court's failure to account for support payments his mother made
during that time and the basis for the court's calculation of support. Because this Court earlier
ordered the cause to proceed to briefing without a recorder's record, we consider the appeal with
the clerk's record only. See McAuliffe v. Attorney Gen., No. 03-98-450-CV (Tex. App.--Austin
Mar. 27, 2000, no pet.) (not designated for publication). McAuliffe concedes that the lack of a
recorder's record prevents him from raising any complaint that must be resolved based on
evidence and that it requires this Court to presume that the evidence presented at trial supports
the court's findings of fact and judgment. Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991).

 In his second point of error, McAuliffe contends that the district court erred in
failing to make findings as to whether the statutory child-support guidelines were appropriate in
determining retroactive support, the amount of McAuliffe's net resources from 1990 to 1998, and
the amount McAuliffe should be credited for support provided to the child during that time. 
McAuliffe failed either to object to the lack of these findings or to request specific, additional
findings. Because McAuliffe never brought his complaint to the district court's attention, he has
waived it for review. In re Valadez, 980 S.W.2d 910, 914 (Tex. App.--Corpus Christi 1998, pet.
denied); see Tex. R. App. P. 33.1(a). We overrule point two.

 In his first point of error, McAuliffe asserts that the district court erred as a matter
of law in determining that he owed $20,685 in retroactive child support. The district court stated
in conclusion of law three that judgment should be rendered against McAuliffe for $20,685 in
retroactive child support. In setting retroactive support, the district court is to follow the statutory
child-support guidelines. Tex. Fam. Code Ann. § 160.005(b) (West 1996). The court must also
take into account any actual support or other necessaries the obligor provided before the filing of
the action. Id. § 154.131(b)(4) (West 1996).

 Without a recorder's record, we must presume that the evidence presented at trial
supports the judgment. Schafer, 813 S.W.2d at 155. Texas Rule of Civil Procedure 299,
allowing deemed findings on elements omitted from the court's fact findings, does not disturb this
presumption. See Tex. R. Civ. P. 299. We further decline to rely on the district court's docket
entry to substitute for a record of the evidence presented to the court. See First Nat'l Bank v.
Birnbaum, 826 S.W.2d 189, 190-91 (Tex. App.--Austin 1992, no writ).

 McAuliffe argues that the district court was obligated to issue fact findings that
stated whether the statutory guidelines were appropriate for this case and that showed it considered
actual support. As discussed above, however, any omission to make the specific findings
McAuliffe desired was waived by his failure to either object or request additional findings in the
district court. Valadez, 980 S.W.2d at 914.

 McAuliffe contends that finding of fact twelve does not show that the district court
based retroactive support on McAuliffe's net resources during 1990 to 1998. In ordering
retroactive support, the court must consider the net resources of the obligor during the relevant
time period. Tex. Fam. Code Ann. § 154.131(b) (West 1996). Finding twelve states:


The Court finds that it is in the best interest of the child to order retroactive child
support in the amount of $20,685.00. This was calculated at the rate of $230 per
month back to the date the parties separated after the birth of the child, or February
1990. During months that John Hayden McAuliffe was incarcerated during that
period, the rate of calculation was the minimum wage for that year.


In finding eleven, the court stated that McAuliffe has the current ability to earn a net income of
$1150 monthly and that twenty percent of his net monthly earnings, or $230, is the correct amount
of regular, current support owed. McAuliffe argues that in setting retroactive support the court
merely extrapolated his current earning ability back to 1990, rather than calculating his net
resources from 1990 to 1998. The district court explicitly stated in finding twelve, however, that
it reduced McAuliffe's net resources to the minimum wage for the years he was incarcerated. 
This reduction indicates that the court was basing retroactive support on McAuliffe's resources
as they existed during those years. In any event, we cannot assume, without a recorder's record,
that the court based finding of fact twelve on inappropriate evidence. We overrule point one.

 We affirm the district court's order.



 
 

 Jan P. Patterson

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 31, 2000

Do Not Publish



ines were appropriate in
determining retroactive support, the amount of McAuliffe's net resources from 1990 to 1998, and
the amount McAuliffe should be credited for support provided to the child during that time. 
McAuliffe failed either to object to the lack of these findings or to request specific, additional
findings. Because McAuliffe never brought his complaint to the district court's attention, he has
waived it for review. In re Valadez, 980 S.W.2d 910, 914 (Tex. App.--Corpus Christi 1998, pet.
denied); see Tex. R. App. P. 33.1(a). We overrule point two.

 In his first point of error, McAuliffe asserts that the district court erred as a matter
of law in determining that he owed $20,685 in retroactive child support. The district court stated
in conclusion of law three that judgment should be rendered against McAuliffe for $20,685 in
retroactive child support. In setting retroactive support, the district court is to follow the statutory
child-support guidelines. Tex. Fam. Code Ann. § 160.005(b) (West 1996). The court must also
take into account any actual support or other necessaries the obligor provided before the filing of
the action. Id. § 154.131(b)(4) (West 1996).

 Without a recorder's record, we must presume that the evidence presented at trial
supports the judgment. Schafer, 813 S.W.2d at 155. Texas Rule of Civil Procedure 299,
allo