NUMBER 13-00-713-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


DESIREE GARZA, Appellant,


v.



CARL BLANTON, Appellee.

___________________________________________________________________


On appeal from the 28th District Court of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Dissenting Opinion by Justice Castillo




Appellant, Desiree Garza, appeals the trial court's judgment denying her request for retroactive child support from appellee,
Carl Blanton. We affirm.

Appellee engaged in an extramarital affair with appellant from which union the child in this case was conceived. The
record indicates, and it is undisputed by appellee, that he knew, before the child's birth that: 1)appellant was pregnant; 2)
the child was probably his; and 3) the approximate date as to the child's birth. Furthermore, appellee paid appellant a lump
sum of $2,000 before the child was born and separate payments of $1,500, $809.47, and $275 after the birth of the child.
Ultimately, appellee acknowledged paternity of the child. The child was born on September 4, 1999, and on November 1,
1999, appellant filed suit for child support. Appellant sought an order establishing a child support payment schedule, as
well as an order awarding appellant retroactive child support payments in the amount of $5,191.64 for the time period
beginning with the date of the child's birth and ending on the date the court's order was entered. The final judgment of the
trial court awarded appellant child support payments of $551.84 per month. However, the trial court refused to order
retroactive payments. 

At issue is whether the trial court abused its discretion in refusing to award retroactive child support. Appellant argues that
the trial court abused its discretion by not applying the guidelines imposing retroactive support found in the Texas Family
Code. See Tex. Fam. Code Ann. § 154.131 (Vernon 1996).

Retroactive child support is not mandated by the Texas Family Code when paternity is established, but rather, is left to a
factual determination on the part of the trial judge. In the Interest of Benjamin I. Valadez, 980 S.W.2d 910, 913 (Tex.
App.-Corpus Christi 1998, pet. denied); In the Interest of S.E.W., 960 S.W.2d 954, 955 (Tex. App.-Texarkana 1998, no
pet.). Retroactive child support may be ordered by the court if the nonpaying parent had not previously been ordered to pay
support and was not a party to a suit in which support was ordered. Tex. Fam. Code Ann. § 154.009 (Vernon 1996)
(emphasis added). If paternity has been established and the court has ordered retroactive child support, the trial court must
consider the guidelines found in Chapter 154, as well as any other relevant factors, in determining the amount of retroactive
child support. Tex. Fam. Code Ann. § 160.005 (Vernon 1996). When ordering retroactive child support, a court must
consider the net resources of the obligor during the relevant time period, and whether: 1) the mother of the child had made
any previous attempt to notify the biological father of his paternity or probable paternity; 2) the biological father had
knowledge of his paternity or probable paternity; 3) the order of retroactive child support will impose an undue financial
hardship on the obligor or the obligor's family; and 4) the obligor has provided actual support or other necessaries before
the filing of the action. Tex. Fam. Code Ann. § 154.131 (Vernon 1996). However, section 154.131 does not bind the trial
court to the listed factors in determining retroactive child support; it merely states that, "the child support guidelines are
intended to guide the court in determining the amount of retroactive child support, if any, to be ordered." Tex. Fam. Code
Ann. § 154.131 (Vernon 1996); see Valadez, 980 S.W.2d at 913.

A trial court maintains discretion in deciding whether to award retroactive child support, and the amount of the award.
Valadez, 980 S.W.2d at 913. The judgment of the trial court will not be reversed absent an abuse of discretion. Id. The
test for an abuse of discretion is whether the court acted without reference to any guiding rules or principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Valadez, 980 S.W.2d at 914. An abuse of discretion
occurs on the trial level when the court reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law." Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). Matters regarding the
exercise of discretion are within the sole province of the trial court, and the appellate court may not substitute the discretion
of the trial court with its own. Id. at 918; Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Should the court depart
from the guidelines in making a determination of retroactive child support, a slight deviation will not be construed as an
abuse of discretion. Valadez, 980 S.W.2d at 914. Furthermore, unlike other sections of Chapter 154, refusal to adhere to
the guidelines provided in section 154.131 does not require the trial court to provide specific reasons as to the deviation. Id.
at 913. 

The trial court did not abuse its discretion in denying an award of retroactive child support. Section 154.131 directs the
discretion of the trial court in determining whether to award retroactive child support, and if so, the amount of such support,
although the court is not strictly bound by the guidelines. Tex. Fam. Code Ann. § 154.131 (Vernon 1996). In the present
case, the trial court was within its discretion in refusing to award retroactive support. Valadez, 980 S.W.2d at 913. 

Appellant demonstrated that she had contacted appellee regarding his probable paternity, and that appellee had knowledge
of his probable paternity. The record contains no evidence that the award of retroactive child support would impose an
undue financial hardship on the appellee, particularly since the evidence demonstrates that appellee was able to provide
appellant with considerable lump sum payments in the past. Under section 154.131(b)(4), however, the trial court was able
to consider any prior payments by the appellee before the child support action was filed. Tex. Fam. Code Ann. §
154.131(b)(4) (Vernon 1996). This section allows courts to consider the actions of an obligor prior to compliance with any
judicially mandated support schemes. Id. Specifically, section 154.131(b)(4) permits courts to consider whether, and to
what extent, an obligor has supported the child and/or mother when determining what retroactive child support, if any, is
required. Id. The record indicates that the judge considered the $2,000 given by appellee prior to the birth of the child,
along with other payments made by appellee. The court could have, within its discretion, decided that appellee had already
contributed enough money for support. We conclude that the trial court's decision does not constitute an abuse of
discretion.

Appellant further argues that the failure of the trial court to award retroactive child support rewarded the appellee for his
failure to voluntarily pay child support and other actions. (1) The award of child support is done with the child's best
interests in mind, and is not intended to be punitive in nature. Ex Parte McIntyre, 730 S.W.2d 411, 419 (Tex. App.-San
Antonio 1987, no writ) (Butts, J., concurring). Based on the evidence in the record, the trial court was within its discretion
to deny retroactive child support. There is no evidence that the trial court's actions were punitive in nature. 

Appellant's sole issue is overruled.

We AFFIRM the judgment of the trial court 



 

LINDA REYNA YAÑEZ

Justice





Dissenting opinion by 

Justice Errlinda Castillo



Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.



1. Appellant contends that appellee sought to defraud appellant's child of support money by entering into a partition
agreement with his wife prior to the child support order. In its final judgment, the trial court ruled that the partition
agreement was void. Neither party raises the validity of the agreement on appeal. 






NUMBER 13-00-713-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


DESIREE GARZA , Appellant,


v.



CARL BLANTON , Appellee.

___________________________________________________________________


On appeal from the 28th District Court

of Nueces County, Texas.

__________________________________________________________________



DISSENTING OPINION

Before Chief Justice Valdez and Justices Yañez and Castillo

Dissenting Opinion by Justice Castillo



I respectfully dissent. I would hold that the trial court abused its discretion by not ordering retroactive child support. While
it is true that Mr. Blanton paid Ms. Garza some monies prior to the entry of the final judgment, the evidence before the trial
court militates in favor of ordering retroactive child support. 

Section 160.005 of the Texas Family Code provides that, upon a finding of parentage in a paternity action, the trial court
may order support retroactive to the time of the birth of the child. Tex. Fam. Code Ann. § 160.005(b) (Vernon1996). In
making an award for retroactive child support under this section, the trial court shall use the child support guidelines
provided by chapter 154 of the code, together with any relevant factors. Id. § 160.005(c).

Section 154.131 of the code provides that the child support guidelines are intended to guide the court in determining the
amount of retroactive child support, if any, to be ordered. Id. § 154.131(a). 

In determining whether to order retroactive child support, the court must consider the net resources of the obligor during
the relevant time period and whether: (1) the mother had made any previous attempts to notify the biological father of his
paternity or probable paternity; (2) the biological father had knowledge of his paternity or probable paternity; (3) the order
of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and (4) the
obligor had provided actual support or other necessaries before the filing of the action.

Id. § 154.131(b)(1)-(4); see also id. §154.123(b)(1)-(17) (listing nonexclusive factors court may consider in applying
guidelines). The trial court's decision whether to award retroactive child support is discretionary. Id. §§154.131(a),
160.005(b). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or
principles.Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The test is whether the trial
judge's action was arbitrary or unreasonable. Id. at 242. 

In this case, the evidence before the court proved that Mr. Blanton was aware of Ms. Garza's pregnancy and that he was the
biological father. The subject child was born on September 4, 1999. Ms. Garza filed her paternity action on November 1,
1999. It is undisputed that temporary orders were entered pursuant to a hearing on May 31, 2000 in which the court
ordered temporary child support in a sum which omitted part of Mr. Blanton's net resources absent his full disclosure. 
During the final hearing on August 18, 2000, Ms. Garza testified that the $2,000 lump sum Mr. Blanton paid some time in
July 1999, while she was pregnant, was to help her with bills. She explained that bills were overdue since her doctor
ordered her not to work during her pregnancy due to hemorrhaging. She added that she used the money to make three
vehicle payments, buy groceries and pay her light, gas, telephone, and water bills. She further testified, without
contradiction, that the $275 sum was court-ordered child support and part of the remaining payments Mr. Blanton made
"were attorney fees." 

The record establishes that Mr. Blanton was gainfully employed. He made no medical payments before or after the
pregnancy. Previously ordered to provide medical insurance, he had not complied although health insurance was available
for the child through his employer. When asked if he could make a lump sum payment if so ordered, Mr. Blanton admitted
that, although difficult, he had the ability to pay. He testified that "incidental" to the paternity proceedings initiated by Ms.
Guzman, he had recently transferred over $300,000 from a four-year-old personal injury settlement to his wife, a
conveyance that the trial court nullified in the final judgment without objection. 

In the final judgment, the trial court also ordered Mr. Blanton to pay $551.84 per month in child support to begin on August
18, 2000, the date of the final hearing. Not ordering retroactive child support where, as here, the subject child's father made
a cursory effort to meet his court-ordered child support obligations while gainfully employed and with access to $300,000
is unreasonable. I would hold that the trial court abused its discretion in not ordering retroactive child support. 

ERRLINDA CASTILLO

Justice





Publish .

Tex. R. App. P. 47.3.



Dissenting Opinion delivered and filed

this 31st day of August, 2001.