**Desiree GARZA, Appellant,**

v.

**Carl BLANTON, Appellee.**

**No. 13–00–713–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 2001.

Bradford M. Condit, Corpus Christi, for appellant.

Jon G. Thedford, Corpus Christi, for appellee.

Before VALDEZ, C.J., and YAÑEZ and CASTILLO, JJ.

## OPINION

YAÑEZ, Justice.

Appellant, Desiree Garza, appeals the trial court's judgment denying her request for retroactive child support from appellee, Carl Blanton. We affirm.

Appellee engaged in an extramarital affair with appellant from which union the child in this case was conceived. The record indicates, and it is undisputed by appellee, that he knew, before the child's birth that: 1)appellant was pregnant; 2) the child was probably his; and 3) the approximate date as to the child's birth.

Furthermore, appellee paid appellant a lump sum of $2,000 before the child was born and separate payments of $1,500, $809.47, and $275 after the birth of the child. Ultimately, appellee acknowledged paternity of the child. The child was born on September 4, 1999, and on November 1, 1999, appellant filed suit for child support. Appellant sought an order establishing a child support payment schedule, as well as an order awarding appellant retroactive child support payments in the amount of $5,191.64 for the time period beginning with the date of the child's birth and ending on the date the court's order was entered. The final judgment of the trial court awarded appellant child support payments of $551.84 per month. However, the trial court refused to order retroactive payments.

At issue is whether the trial court abused its discretion in refusing to award retroactive child support. Appellant argues that the trial court abused its discretion by not applying the guidelines imposing retroactive support found in the Texas Family Code. *See* TEX. FAM.CODE ANN. § 154.131 (Vernon 1996).

Retroactive child support is not mandated by the Texas Family Code when paternity is established, but rather, is left to a factual determination on the part of the trial judge. *In the Interest of Benjamin I. Valadez,* 980 S.W.2d 910, 913 (Tex. App.—Corpus Christi 1998, pet. denied); *In the Interest of S.E.W.,* 960 S.W.2d 954, 955 (Tex.App.—Texarkana 1998, no pet.). Retroactive child support *may* be ordered by the court if the nonpaying parent had not previously been ordered to pay support and was not a party to a suit in which support was ordered. TEX. FAM.CODE ANN. § 154.009 (Vernon 1996) (emphasis added). If paternity has been established and the court has ordered retroactive child sup-

port, the trial court must consider the guidelines found in Chapter 154, as well as any other relevant factors, in determining the amount of retroactive child support. TEX. FAM.CODE ANN. § 160.005 (Vernon 1996). When ordering retroactive child support, a court must consider the net resources of the obligor during the relevant time period, and whether: 1) the mother of the child had made any previous attempt to notify the biological father of his paternity or probable paternity; 2) the biological father had knowledge of his paternity or probable paternity; 3) the order of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and 4) the obligor has provided actual support or other necessaries before the filing of the action. TEX. FAM.CODE ANN. § 154.131 (Vernon 1996). However, section 154.131 does not bind the trial court to the listed factors in determining retroactive child support; it merely states that, "the child support guidelines are intended to guide the court in determining the amount of retroactive child support, if any, to be ordered." TEX. FAM. CODE ANN. § 154.131 (Vernon 1996); *see* *Valadez*, 980 S.W.2d at 913.

■ A trial court maintains discretion in deciding whether to award retroactive child support, and the amount of the award. *Valadez*, 980 S.W.2d at 913. The judgment of the trial court will not be reversed absent an abuse of discretion. *Id.* The test for an abuse of discretion is whether the court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Valadez*, 980 S.W.2d at 914. An abuse of discretion occurs on the trial level when the court reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916,

917 (Tex.1985). Matters regarding the exercise of discretion are within the sole province of the trial court, and the appellate court may not substitute the discretion of the trial court with its own. *Id.* at 918; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Should the court depart from the guidelines in making a determination of retroactive child support, a slight deviation will not be construed as an abuse of discretion. *Valadez*, 980 S.W.2d at 914. Furthermore, unlike other sections of Chapter 154, refusal to adhere to the guidelines provided in section 154.131 does not require the trial court to provide specific reasons as to the deviation. *Id.* at 913.

■ The trial court did not abuse its discretion in denying an award of retroactive child support. Section 154.131 directs the discretion of the trial court in determining whether to award retroactive child support, and if so, the amount of such support, although the court is not strictly bound by the guidelines. TEX. FAM.CODE ANN. § 154.131 (Vernon 1996). In the present case, the trial court was within its discretion in refusing to award retroactive support. *Valadez*, 980 S.W.2d at 913.

Appellant demonstrated that she had contacted appellee regarding his probable paternity, and that appellee had knowledge of his probable paternity. The record contains no evidence that the award of retroactive child support would impose an undue financial hardship on the appellee, particularly since the evidence demonstrates that appellee was able to provide appellant with considerable lump sum payments in the past. Under section 154.131(b)(4), however, the trial court was able to consider any prior payments by the appellee before the child support action was filed. TEX. FAM.CODE ANN. § 154.131(b)(4) (Vernon 1996). This section allows courts to consider the actions

of an obligor prior to compliance with any judicially mandated support schemes. *Id.* Specifically, section 154.131(b)(4) permits courts to consider whether, and to what extent, an obligor has supported the child and/or mother when determining what retroactive child support, if any, is required. *Id.* The record indicates that the judge considered the $2,000 given by appellee prior to the birth of the child, along with other payments made by appellee. The court could have, within its discretion, decided that appellee had already contributed enough money for support. We conclude that the trial court's decision does not constitute an abuse of discretion.

■ Appellant further argues that the failure of the trial court to award retroactive child support rewarded the appellee for his failure to voluntarily pay child support and other actions.[1] The award of child support is done with the child's best interests in mind, and is not intended to be punitive in nature. *Ex Parte McIntyre,* 730 S.W.2d 411, 419 (Tex.App.—San Antonio 1987, no writ) (Butts, J., concurring). Based on the evidence in the record, the trial court was within its discretion to deny retroactive child support. There is no evidence that the trial court's actions were punitive in nature.

Appellant's sole issue is overruled.

We AFFIRM the judgment of the trial court

Dissenting opinion by Justice ERRLINDA CASTILLO.

CASTILLO, Justice, dissenting.

I respectfully dissent. I would hold that the trial court abused its discretion by not ordering retroactive child support. While it is true that Mr. Blanton paid Ms. Garza some monies prior to the entry of the final judgment, the evidence before the trial court militates in favor of ordering retroactive child support.

Section 160.005 of the Texas Family Code provides that, upon a finding of parentage in a paternity action, the trial court may order support retroactive to the time of the birth of the child. TEX. FAM. CODE ANN. § 160.005(b) (Vernon 1996). In making an award for retroactive child support under this section, the trial court shall use the child support guidelines provided by chapter 154 of the code, together with any relevant factors. *Id.* § 160.005(c).

Section 154.131 of the code provides that the child support guidelines are intended to guide the court in determining the amount of retroactive child support, if any, to be ordered. *Id.* § 154.131(a).

> In determining whether to order retroactive child support, the court must consider the net resources of the obligor during the relevant time period and whether: (1) the mother had made any previous attempts to notify the biological father of his paternity or probable paternity; (2) the biological father had knowledge of his paternity or probable paternity; (3) the order of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and (4) the obligor had provided actual support or other necessaries before the filing of the action.

*Id.* § 154.131(b)(1)-(4); see also *id.* § 154.123(b)(1)-(17) (listing nonexclusive factors court may consider in applying guidelines). The trial court's decision whether to award retroactive child support

---

1. Appellant contends that appellee sought to defraud appellant's child of support money by entering into a partition agreement with his wife prior to the child support order. In its final judgment, the trial court ruled that the partition agreement was void. Neither party raises the validity of the agreement on appeal.

is discretionary. *Id.* §§ 154.131(a), 160.005(b). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). The test is whether the trial judge's action was arbitrary or unreasonable. *Id.* at 242.

In this case, the evidence before the court proved that Mr. Blanton was aware of Ms. Garza's pregnancy and that he was the biological father. The subject child was born on September 4, 1999. Ms. Garza filed her paternity action on November 1, 1999. It is undisputed that temporary orders were entered pursuant to a hearing on May 31, 2000 in which the court ordered temporary child support in a sum which omitted part of Mr. Blanton's net resources absent his full disclosure. During the final hearing on August 18, 2000, Ms. Garza testified that the $2,000 lump sum Mr. Blanton paid some time in July 1999, while she was pregnant, was to help her with bills. She explained that bills were overdue since her doctor ordered her not to work during her pregnancy due to hemorrhaging. She added that she used the money to make three vehicle payments, buy groceries and pay her light, gas, telephone, and water bills. She further testified, without contradiction, that the $275 sum was court-ordered child support and part of the remaining payments Mr. Blanton made "were attorney fees."

The record establishes that Mr. Blanton was gainfully employed. He made no medical payments before or after the pregnancy. Previously ordered to provide medical insurance, he had not complied although health insurance was available for the child through his employer. When asked if he could make a lump sum payment if so ordered, Mr. Blanton admitted that, although difficult, he had the ability to pay. He testified that "incidental" to the paternity proceedings initiated by Ms. Guzman, he had recently transferred over $300,000 from a four-year-old personal injury settlement to his wife, a conveyance that the trial court nullified in the final judgment without objection.

In the final judgment, the trial court also ordered Mr. Blanton to pay $551.84 per month in child support to begin on August 18, 2000, the date of the final hearing. Not ordering retroactive child support where, as here, the subject child's father made a cursory effort to meet his court-ordered child support obligations while gainfully employed and with access to $300,000 is unreasonable. I would hold that the trial court abused its discretion in not ordering retroactive child support.