Opinion issued July 1, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00679-CV




J.A., Appellant

V.

GRADY EUGENE BLOUNT, Appellee




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2002-28148




MEMORANDUM OPINION
            Appellant, J.A., appeals the denial of retroactive child support from appellee,
Grady Eugene Blount, after the court had declared Blount to be J.A.’s father and had
established the parent-child relationship between Blount and J.A. for all purposes. 
We determine whether, in the absence of a reporter’s record, J.A. can show that the
trial abused its discretion in this ruling. Answering the question in the negative, we
affirm.
Facts
          Because the parties waived a record of the hearing at which the trial court
adjudicated paternity and the request for retroactive child support, the following
background information comes from the parties’ pleadings or from relevant trial court
orders.
          When J.A. was 17, she brought a paternity suit against Blount, seeking
establishment of the parent-child relationship and retroactive child support. In a
pretrial filing, Blount stipulated that Susan Clifton was J.A.’s biological mother, that
Clifton was divorced from Michael Anderson in 1991, and that Clifton and
Anderson’s divorce decree recited that the divorce court had adjudicated Anderson
to be J.A.’s father. The divorce decree, which Blount attached to a submission below,
recited that, pursuant to Clifton and Anderson’s agreement, Anderson was not
ordered to pay child support to Clifton. Blount further stipulated that he had “been
found to be the biological father of [J.A.].” 
          Upon trial to the court, the court declared Blount to be J.A.’s father, but denied
J.A.’s request for retroactive child support. J.A. was 18 years old when the trial court
rendered its order.



Standard of Review
          We review the trial court’s denial of a request for retroactive child support for
an abuse of discretion. Garza v. Blanton, 55 S.W.3d 708, 709, 710 (Tex.
App.—Corpus Christi 2001, no pet.); see Tex. Fam. Code Ann. § 154.009(a)
(Vernon 2002) (“The court may order a parent to pay retroactive child support . . . .”)
(emphasis added); id. § 154.131(a) (Vernon 2002) (“The child support guidelines are
intended to guide the court in determining the amount of retroactive child support,
if any, to be ordered.”) (emphasis added); id. § 160.636(g) (Vernon 2002) (“On a
finding of parentage, a court may order retroactive child support . . . .”) (emphasis
added).Denial of Retroactive Child Support
          In her sole point of error, J.A. contends that the trial court abused its discretion
by denying retroactive child support after having declared Blount to be her father. 
          The Family Code gives the trial court discretion to determine whether to award
retroactive child support when paternity is established; the award is not mandatory. 
Garza, 55 S.W.3d at 709; see Tex. Fam. Code Ann. §§ 154.009(a), 154.131(a),
160.636(g). In determining whether to award retroactive child support after
establishing the parent-child relationship, the court “must consider the guidelines
found in [Family Code] Chapter 154, as well as any other relevant factors, in
determining the amount of retroactive child support.” Garza, 55 S.W.3d at 708-09;
see Tex. Fam. Code Ann. §§ 154.009(b), 160.636(g). Section 154.131 sets out the
guidelines for retroactive support in relevant part as follows:
§ 154.131 Retroactive Child Support
 
(a)The child support guidelines are intended to guide the court in
determining the amount of retroactive child support, if any, to be
ordered.
 
(b)In ordering retroactive child support, the court shall consider the
net resources of the obligor during the relevant time period and whether:
 
(1)the mother of the child had made any previous attempts to
notify the obligor of his paternity or probable paternity;
 
(2)the obligor had knowledge of his paternity or probable
paternity;
 
(3)the order of retroactive child support will impose an undue
financial hardship on the obligor or the obligor’s family; and

 
(4)the obligor has provided actual support or other necessaries
before the filing of the action.

Tex. Fam. Code Ann. § 154.131(a)-(b). Section 154.131’s guidelines are evidentiary
determinations. See, e.g., Garza, 55 S.W.3d at 709 (“Retroactive child support is not
mandated by the Texas Family Code when paternity is established, but rather, is left
to a factual determination on the part of the trial judge.”) (emphasis added).
          J.A.’s appellate challenge is based on the trial court’s alleged abuse of
discretion in making factual determinations relative to the award of retroactive child
support.


 See Tex. Fam. Code Ann. § 154.131(b) (establishing guidelines for
determining retroactive child support, all of which are factual determinations). 
Assessing whether the trial court abused its discretion in this particular
context—when it had to consider evidence relating to statutory criteria—requires a
review of the evidence presented. See Landon v. Jean-Paul Budinger, Inc., 724
S.W.2d 931, 938 (Tex. App.—Austin 1987, no writ) (“Whether the trial court acted
rationally or irrationally, in a legal sense, may only be appraised in reference to the
factual context in which the court acted in making its choice between possible
alternative rulings. In some cases, the factual context might of necessity require the
compilation of an evidentiary record in a special inquiry . . . .”) (citations omitted).
          However, the parties waived a record of the hearing at which they would have
introduced evidence relevant to the child-support guidelines. The paternity order
recites that the trial court considered evidence at that hearing.


 Because we lack any
record of the evidence that the trial court considered in determining not to award
retroactive child support, we cannot determine whether the trial court abused its
discretion in that determination, and we must in fact presume that the court had
adequate evidence before it to justify its decision. See, e.g, In re J.W., 97 S.W.3d
818, 825 (Tex. App.—Dallas 2003, pet. denied) (in suit to establish paternity and for
retroactive child support, holding, “J.W. . . . argues the trial court abused its
discretion by awarding retroactive child support only to January 1, 2000. . . . [T]here
is no record of the evidence presented as to the child support portion of this order. 
Thus, J.W. has presented nothing for us to review . . . regarding his claim for
additional retroactive child support.”); see also Protechnics Int’l, Inc. v. Tru-Tag Sys.,
Inc., 843 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1992, no writ)
(“Protechnics asks the court to rule on evidentiary matters. Protechnics failed to
timely file a statement of facts. In the absence of a statement of facts, a presumption
is created that the evidence supports the finding. Without a statement of facts, we
may only review errors apparent on the face of the pleadings, the verdict, the findings,
if any, the judgment, and the bills of exceptions.”) (citations omitted).
          Because we have no record of the evidence that the trial court considered
relative to statutory guidelines that were clearly factual in nature, we cannot assess
whether the court abused its discretion. Accordingly, we overrule appellant’s sole
issue.
          Conclusion
We affirm the judgment of the trial court.
 


                                                                        Tim Taft
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.