Affirmed and Memorandum Opinion filed September 20, 2005









Affirmed and Memorandum Opinion filed September 20, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00180-CV

_______________

 

MARTHA L. RANDOLPH, Appellant

 

V.

 

RANDY C. RANDOLPH, Appellee

______________________________________________________________

 

On Appeal from the 311th District Court

Harris County, Texas

Trial Court Cause No. 02-62809

______________________________________________________________

 

M E M O R A N D U M   O
P I N I O N

Appellant, Martha L. Randolph (AMartha@), appeals from a divorce decree
dissolving her marriage to appellee, Randy C. Randolph (ARandy@). 
In her sole issue, Martha contends the trial court erred by refusing to
award retroactive child support.  Randy
has filed a motion for sanctions contending Martha=s appeal is frivolous.  Because all dispositive issues are clearly settled
in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.  We deny Randy=s motion for sanctions.








Retroactive Child Support

After a bench trial, the trial court entered a divorce decree
dissolving the couple=s marriage and dividing their property.  The trial court did not order current child
support because the couple=s only child turned eighteen before the decree was
entered.  However, Martha appeals the
trial court=s failure to award retroactive child
support.  At the trial, the trial court
stated that it would not award retroactive support because there was no
pleading to support it.

Martha contends she was not required to specifically plead
for Aretroactive support.@[1] 
In response, Randy contends Martha was required to specifically plead
for retroactive support.  Alternatively,
Randy contends we must uphold the trial court=s decision because the trial court
did not file findings of fact and conclusions of law and other grounds support
the trial court=s order.  We agree with
Randy=s second contention.








Although the trial court commented at the bench trial that it
refused to award retroactive support because there was no pleading, Martha did
not properly request, and the trial court did not file, findings of fact and
conclusions of law.[2]  We may not look to a trial court=s comments at the conclusion of a
bench trial as a substitute for findings of fact and conclusions of law.  In re W.E.R., 669 S.W.2d 716, 716 (Tex.
1984) (per curiam).  When findings of
fact and conclusions of law are not properly requested and none are filed, the
judgment of the trial court must be affirmed if it can be upheld on any legal
theory that finds support in the evidence. 
Id. at 717.  In the absence
of findings and conclusions, the judgment of the trial court implies all
necessary fact findings in support of the judgment.  Id. 
Here, we need not decide whether Martha was required to specifically
plead for retroactive support because there is another ground for denying
retroactive support that is supported by the evidence.

Retroactive child support is not mandatory; rather, a trial
court maintains discretion in deciding whether to award retroactive
support.  See Tex. Fam. Code Ann. ' 154.009 (Vernon 2002) (providing
that the court Amay@ order retroactive child support); Tex. Fam. Code Ann. ' 154.131(a) (Vernon 2002) (stating Athe child support guidelines are
intended to guide the court in determining the amount of retroactive child
support, if any, to be ordered.@) (emphasis added); Garza v.
Blanton, 55 S.W.3d 708, 709B10 (Tex. App.CCorpus Christi 2001, no pet.); In re Guthrie, 45
S.W.3d 719, 727 (Tex. App.C Dallas 2001, pet. denied). 
Therefore, we will not reverse a trial court=s refusal to award retroactive child
support absent an abuse of discretion.  See
Garza, 55 S.W.3d at 710; Guthrie, 45 S.W.3d at 727.  A trial court abuses its discretion when it
acts arbitrarily, unreasonably, or without reference to any guiding rules or
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985); Newberry v.
Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.CHouston [14th Dist.] 2004, no
pet.).  A trial court does not abuse its
discretion when some evidence of a substantive and probative character supports
the trial court=s order. Newberry, 146 S.W.3d at 235.

Randy contends the trial court did not abuse its discretion
by denying retroactive support because he voluntarily paid some child
support.  We agree.  In determining the amount of retroactive support,
if any, a trial court must consider the obligor=s net resources and certain
factors.  See Tex. Fam. Code Ann. ' 154.131(b) (Vernon 2002).  One factor is whether Athe obligor has provided actual
support or other necessaries before the filing of the action.@ 
Id. ' 154.131(b)(4). 
Therefore, the trial court is allowed to consider an obligor=s actions before compliance with any
judicially-mandated support schemes.  See
id.; Garza, 55 S.W.3d at 710B11.








Both Randy and Martha testified that Randy voluntarily paid
support after the couple separated but before any divorce suit was filed.[3]  However, the amount of the voluntary support
was disputed.  Randy testified he has
paid approximately $12,000 to support Martha and the child.  It is not exactly clear how much of this
figure was voluntary support, as opposed to court-ordered temporary support,
although Randy=s testimony indicates approximately
$7,500 was voluntary support.[4]  Martha=s testimony indicates Randy paid at
most $2,200 in voluntary support, and he was reluctant to pay any support
although his income was significantly more than Martha=s income.  However, the trial court was free to believe
Randy=s testimony regarding the amount of
voluntary support he paid.  See Barrientos
v. Nava, 94 S.W.3d 270, 288 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(recognizing that in a bench trial, the trial court is the sole judge of the
credibility of the witnesses and weight to be given their testimony).  Thus, the trial court could have concluded
that Randy had paid a sufficient amount of support before the divorce action
was filed.  See Garza, 55 S.W.3d
at 711 (finding trial court did not abuse its discretion by refusing to order
retroactive support in paternity suit because trial court could have considered
obligor=s payments before suit was filed and
decided he Ahad already contributed enough money
for support.@).








Moreover, even if the amount of voluntary support was
limited, the trial court acted within its discretion if it denied retroactive
support because Randy had paid some voluntarily support.  See Tex.
Fam. Code Ann. ' 154.131(b)(4); Guthrie, 45 S.W.3d at 728B29 (finding trial court did not abuse
its discretion by refusing to award retroactive support although father=s voluntary support payments were
less than amounts calculated by applying statutory guidelines); In the
Interest of J.H., 961 S.W.2d 550, 552 (Tex. App.CSan Antonio 1997, no pet.) (finding
trial court did not abuse its discretion by ordering retroactive child support
back to date paternity action was answered, rather than year of child=s birth, although amount of previous
voluntary support was limited, some of mother=s requests for support had been denied,
and father knew of paternity since the child=s birth, because father had provided some
support upon mother=s request and child resided in grandparents= home her entire life).  Accordingly, we overrule Martha=s sole issue.

Motion For Sanctions

Randy has filed a motion for sanctions claiming Martha=s appeal is frivolous because the law
and record do not support her arguments and she misrepresented the law and the
record in her brief.  See Tex. R. App. P. 45.  Whether to grant sanctions is a matter of
discretion that we exercise with prudence and caution, and only after careful
deliberation.  Conseco Fin. Servicing
Corp. v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 676 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  We will impose sanctions only in
circumstances that are truly egregious.  Id.  If an appellant=s argument on appeal fails to
convince the court, but has a reasonable basis in law and constitutes an
informed, good‑faith challenge to the trial court=s judgment, sanctions are not
appropriate.  Id.  After reviewing the record and Martha=s brief, we find sanctions are not
appropriate and exercise our discretion to deny Randy=s motion.

The trial court=s judgment is affirmed.

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed September 20, 2005.

Panel consists of
Justices Frost, Seymore, and Guzman.

 

 











[1]  In her divorce
petition, Martha requested the court to Amake
orders for . . . support of the child,@ who was
not yet eighteen at that time.  However,
she did not use the term Aretroactive support.@





[2]  Although
Martha timely filed an initial request for findings of fact and conclusions of
law, she did not timely file a ANotice of Past Due Findings of Fact and Conclusions of
Law.@  See Tex. R. Civ. P. 297;  Curtis v. Comm=n for Lawyer Discipline, 20 S.W.3d 227, 232 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (recognizing that
the failure to file a past due notice waives the right to complain about the
trial court's failure to file findings of fact and conclusions of law).





[3]  Randy
originally filed a divorce suit in Bell County, Texas.  He non-suited that case before a final order
was rendered because Martha moved to transfer venue to Harris County.  Martha then filed this divorce suit in Harris
County.  The evidence shows that Randy
voluntarily paid some support before he filed the Bell County suit.





[4]  Randy paid
some temporary support pursuant to agreed orders in both the Bell County suit
and the Harris County suit; however, the record reflects he did not pay any
support during the five-month period between his non-suit of the Bell County
suit and the entry of temporary orders in the Harris County suit.