Reversed and Remanded and Plurality and Dissenting Opinions filed
October 25, 2005









 

Reversed and Remanded and Plurality and Dissenting
Opinions filed October 25, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00521-CV

____________

 

IN THE INTEREST OF
R.J.P., A CHILD

 



 

On Appeal from the 309th
District Court

Harris County, Texas

Trial Court Cause No. 98-14343

 



 

D I S S E N T I N G   O P I N I O N

The majority holds that res judicata and
collateral estoppel may bar a Afather@ from relitigating
his paternity.  Certainly, there is
precedent for this position.  However,
because such precedent is neither persuasive nor controlling upon this court, I
must respectfully dissent.








The record shows Anita and Roosevelt were
married in 1988.  They separated in
1991.  Four months after separating,  R.J.P. was born.  In 1998, while still married, but living
apart, Anita and Roosevelt entered into an agreed child support order in which
Roosevelt was identified as the father of R.J.P.  Pursuant to this order, Roosevelt began
paying monthly child support.  In 2003,
the trial court increased the monthly child support obligation and entered an
order withholding earnings to satisfy the child support obligation.  Roosevelt then petitioned the trial court to
terminate the order for wage withholding based on the fact that he is not the
biological father of R.J.P.  Roosevelt
also filed a petition for a decree of divorce in which he again asserted that
he is not the biological father of R.J.P. 
To support his contention, R.J.P. tendered a DNA Parentage Test Report
made by DNA Diagnostic Center. 
Thereafter, the trial court ordered Anita and Roosevelt to submit
themselves for DNA parentage testing at a lab designated by the court.  Roosevelt complied with the court=s order, but Anita
did not.

In 2004, the trial court entered a decree
of divorce in which it acknowledged that Roosevelt had previously been
adjudicated as the father of R.J.P. 
Accordingly, Roosevelt was named the possessory conservator of the
child.  However, the trial court did not
order Roosevelt to make child support payments.

Although paternity, or the lack thereof,
may now be scientifically determined to a virtual certainty, courts have
historically disfavored suits to disestablish paternity even when absence,
impotence, or sterility have seemed to conclusively support the plaintiff=s cause.  Social policy considerations such as
protecting the institution of marriage or the welfare of children have taken
precedence over truth and equity.  See
Mary R. Anderlik, Disestablishment Suits: What Hath Science Wrought?, 4 J. Center for Families 3, at 5
(2003).  Other courts have emphasized the
need for finality.  See In re T.S.S.,
61 S.W.3d 481, 485 (Tex. App.CSan
Antonio
2001, pet. denied) (ATexas courts are not free to adopt a rule
that an adjudicated father may be relieved of his support obligations anytime
he comes forward with DNA evidence post-decree that tends to exclude his as the
biological father.@); Wise v. Fryar, 49 S.W.3d 450, 456 (Tex.
App.CEastland 2001, pet.
denied), cert. denied, 534 U.S. 1079 (2002) (holding bill of review was
not available to challenge paternity where the issue of paternity was resolved
in a final, unappealed judgment).








However commendable the goal of protecting
marriage, that institution is founded upon fidelity and trust.  Once the confidence of a spouse is betrayed,
reconciliation is difficult.  Moreover,
the welfare of children should not fall upon one who is merely a victim of
fraud.  Finally, reliance upon the
doctrines of collateral estoppel and res judicata seem inappropriate in the
context of a parent-child relationship. 
For example, in a suit affecting the parent-child relationship the trial
court maintains continuing, exclusive jurisdiction over the parties and has the
authority to modify the terms of that relationship as changing circumstances
may require.  To require a husband to
challenge the filial relationship of what he believes to be his children (or
forever waive the issue) would seem to needlessly encourage suits that must, of
necessity, drive a wedge between father and child, threaten the already fragile
sense of security of children caught up in the midst of a divorce, and perhaps
forever damage the psyche of both the father and his children.

Here, the trial court did not disestablish
paternity.  Rather, the court modified
the former husband=s child support obligation.  In making this decision, the trial court was
vested with broad discretion.  The Family
Code provides that the trial court Amay@ order either or
both parents to support a child.  Tex. Fam. Code Ann. ' 154.001(a)
(Vernon 2002).  While the trial court Amay@ consider the
statutory child support guidelines, the court Amay@ also consider any
Aother relevant evidence
in addition to the factors listed in the guidelines.@  Tex.
Fam. Code Ann. ' 156.402 (Vernon 2002).  The court Amay,@ in fact,
determine that the application of the guidelines would be unjust or
inappropriate under the circumstances.  Tex. Fam. Code Ann. ' 154.122(b)
(Vernon 2002).

It is well established that matters
regarding the exercise of discretion are within the sole province of the trial
court, and the appellate court may not substitute the discretion of the trial
court with its own.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992); Garza v. Blanton, 55 S.W.3d 708, 710 (Tex.
App.CCorpus
Christi
2001, no pet.).  If there is some
probative and substantive evidence to support the judgment, the trial court did
not abuse its discretion.  In re
P.J.H., 25 S.W.3d 402, 405  (Tex. App.CFort Worth  2000, no pet.).








I would find the trial court did not abuse
its discretion in deleting future child support.  Accordingly, I must respectfully dissent.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Plurality and Dissenting Opinions filed October 25, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson. (Anderson, J. Plurality;
Yates, J. Concurs in result only).