Opinion filed May 12, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00174-CV

                                                    __________

 

                              JANA
MISHELLE TERRY, Appellant

                                                             V.

                                JOE
CLARK FAULKNER, Appellee



 

                                   On
Appeal from the 118th District Court

                                                          Howard
County, Texas

                                                      Trial
Court Cause No. 45746

 



 

                                            M
E M O R A N D U M    O P I N I O N

            The attorney
general instituted the underlying proceedings for the purpose of establishing
the parent-child relationship between Joe Clark Faulkner and the child, R.C.T.,
on January 16, 2008.  The trial court entered a final order on May 27, 2010,
wherein it found that Faulkner is the biological father of the child.  The
trial court additionally ordered Faulkner to pay retroactive child support in
the amount of $4,881.

            Jana
Mishelle Terry is the mother of the child.  She appeared pro se at the final
hearing, and she timely filed a pro se notice of appeal.  She has filed a pro
se brief in this appeal wherein she protests the amount of retroactive child
support awarded by the trial court.  We affirm.

The
Family Code gives the trial court discretion to determine whether to award
retroactive child support when paternity is established; the award is not
mandatory. Garza v. Blanton, 55 S.W.3d 708, 709 (Tex. App.—Corpus
Christi 2001, no pet.); see Tex.
Fam. Code Ann. § 154.009(a) (Vernon 2008) (“The court may order a
parent to pay retroactive child support.”) (emphasis added); id. §
160.636(g) (“On a finding of parentage, the court may order retroactive
child support.”) (emphasis added).  We review the trial court’s award of retroactive
child support for an abuse of discretion.  See Garza, 55 S.W.3d
at 709.

Assessing
whether the trial court abused its discretion in its award of retroactive child
support necessarily requires a review of the evidence presented to the trial
court.  See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 938
(Tex. App.—Austin 1987, no writ) (“Whether the trial court acted
rationally or irrationally, in a legal sense, may only be appraised in
reference to the factual context in which the court acted in making its choice
between possible alternative rulings.”).  We are unable to review the evidence
presented to the trial court, however, because a reporter’s record has not been
filed in this appeal.  In this regard, the court reporter has advised the court
in a letter dated January 6, 2011, that Terry did not request the preparation
of the reporter’s record or make payment arrangements for the preparation of
the reporter’s record.  An appellant must properly
request and pay for the record (or make arrangements to pay for the record)
before the court reporter’s duty to prepare and file the reporter’s record
arises.  See Tex. R. App. P.
35.3(b)(3).  Ultimately, the party that complains of an abuse of discretion has
the burden to bring forth a record showing such abuse.  Simon v. York Crane
& Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987).  Absent such a record,
the reviewing court must presume that the evidence before the trial judge was
adequate to support the decision.  Id.  Because we lack a reporter’s record
of the evidence that the trial court considered in determining the amount of retroactive
child support, we cannot determine whether the trial court abused its
discretion in that determination, and we must presume that the court had
adequate evidence before it to justify its decision.  Accordingly, we overrule
Terry’s sole issue.

The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

May 12, 2011

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.