**Opinion filed May 12, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00174-CV

_____

### JANA MISHELLE TERRY, Appellant
### V.
### JOE CLARK FAULKNER, Appellee

---

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 45746**

---

### MEMORANDUM OPINION

The attorney general instituted the underlying proceedings for the purpose of establishing the parent-child relationship between Joe Clark Faulkner and the child, R.C.T., on January 16, 2008. The trial court entered a final order on May 27, 2010, wherein it found that Faulkner is the biological father of the child. The trial court additionally ordered Faulkner to pay retroactive child support in the amount of $4,881.

Jana Mishelle Terry is the mother of the child. She appeared pro se at the final hearing, and she timely filed a pro se notice of appeal. She has filed a pro se brief in this appeal wherein she protests the amount of retroactive child support awarded by the trial court. We affirm.

The Family Code gives the trial court discretion to determine whether to award retroactive child support when paternity is established; the award is not mandatory. *Garza v. Blanton*, 55 S.W.3d 708, 709 (Tex. App.—Corpus Christi 2001, no pet.); *see* Tex. Fam. Code

ANN. § 154.009(a) (Vernon 2008) ("The court *may* order a parent to pay retroactive child support.") (emphasis added); *id*. § 160.636(g) ("On a finding of parentage, the court *may* order retroactive child support.") (emphasis added). We review the trial court's award of retroactive child support for an abuse of discretion. *See Garza*, 55 S.W.3d at 709.

Assessing whether the trial court abused its discretion in its award of retroactive child support necessarily requires a review of the evidence presented to the trial court. *See Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 938 (Tex. App.—Austin 1987, no writ) ("*Whether* the trial court acted rationally or irrationally, in a legal sense, may only be appraised in reference to the factual context in which the court acted in making its choice between possible alternative rulings."). We are unable to review the evidence presented to the trial court, however, because a reporter's record has not been filed in this appeal. In this regard, the court reporter has advised the court in a letter dated January 6, 2011, that Terry did not request the preparation of the reporter's record or make payment arrangements for the preparation of the reporter's record. An appellant must properly request and pay for the record (or make arrangements to pay for the record) before the court reporter's duty to prepare and file the reporter's record arises. *See* TEX. R. APP. P. 35.3(b)(3). Ultimately, the party that complains of an abuse of discretion has the burden to bring forth a record showing such abuse. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex. 1987). Absent such a record, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision. *Id*. Because we lack a reporter's record of the evidence that the trial court considered in determining the amount of retroactive child support, we cannot determine whether the trial court abused its discretion in that determination, and we must presume that the court had adequate evidence before it to justify its decision. Accordingly, we overrule Terry's sole issue.

The judgment of the trial court is affirmed.

PER CURIAM

May 12, 2011

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.