

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-16-00031-CV**

**IN THE MATTER OF THE MARRIAGE OF**
**ROBIN RIVERS AND MALCOLM RIVERS,**

_____

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 14-002093-CVD-85**

---

**MEMORANDUM OPINION**

---

In five issues, appellant, Robin Prince Rivers, advancing pro se, challenges the trial court's final decree of divorce. Specifically, appellant complains about the trial court's (1) order for appellant, appellee Malcolm Rivers, and the couple's two children to participate in DNA testing; (2) denial of retroactive child support; (3) geographic restriction on the primary residence of the couple's children; (4) order pertaining to

medical and dental support for the children; and (5) denial of various post-judgment motions.  We affirm.[1]

## I.    GENETIC TESTING

In her first issue, appellant complains that the trial court erred in ordering genetic testing in this matter.  Specifically, appellant contends that section 160.607 of the Texas Family Code barred appellee from requesting genetic testing to prove or disprove paternity.  *See* TEX. FAM. CODE ANN. § 160.607 (West 2014).[2]

Here, shortly after appellant filed her original petition for divorce, appellee filed a motion for genetic testing to determine if he is the father of the children in this case.  The

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case.  *See* TEX. R. APP. P. 47.1, 47.4.  Moreover, we note that appellee has not filed a brief in this matter.

[2] Section 160.607 of the Texas Family Code provides the following:

(a)  Except as otherwise provided by Subsection (b), a proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than the fourth anniversary of the date of the birth of the child.

(b)  A proceeding seeking to adjudicate the parentage of a child having a presumed father may be maintained at any time if the court determines that:

(1)  the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; or

(2)  the presumed father was precluded from commencing a proceeding to adjudicate the parentage of the child before the expiration of time prescribed by Subsection (a) because of the mistaken belief that he was the child's biological father based on misrepresentations that led him to that conclusion.

TEX. FAM. CODE ANN. § 160.607 (West 2014).

trial court granted appellee's motion and ordered that appellant, appellee, and the two children submit to genetic testing. The order indicated that the Office of the Attorney General would conduct the testing and that it would submit a report to the trial court based on the results of the testing. Though the report is not made a part of the Clerk's Record, the final divorce decree states that appellant and appellee are the parents of the two children. Furthermore, at no point during the testimony at the final hearing did appellee contest paternity as to the two children. In fact, appellee acknowledged that he has always wanted to be a part of the lives of his children.

Interestingly, appellant complains that section 160.607 time-barred appellee from challenging paternity; however, the final divorce decree and appellee's own testimony indicates that appellee is the father of the children—a finding that was necessary for appellant to obtain the desired child support. Therefore, even if section 160.607 time-barred appellee's paternity challenge, he still would have been the presumed father, based on the evidence presented at trial. *See* TEX. FAM. CODE ANN. § 160.102(13) (West 2014) ("'Presumed father' means a man who, by operation of law under Section 160.204, is recognized as the father of a child until that status is rebutted or confirmed in a judicial proceeding."); *see also id.* § 160.204(a)(1) (West Supp. 2016) ("A man is presumed to be the father of a child if . . . he is married to the mother of the child and the child is born during the marriage . . . ."). In other words, either way, appellee is the father of the children. Accordingly, we conclude that any error in the ordering of the genetic testing is moot

given that there is no controversy regarding paternity.[3] *See NCAA v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (noting that appellate courts are prohibited from deciding moot controversies); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (concluding that a justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot). We overrule appellant's first issue.

## II.    RETROACTIVE CHILD SUPPORT

In her second issue, appellant argues that the trial court abused its discretion by failing to order retroactive child support.

The award of child support is in the best interest of the child and is not intended to be punitive in nature. *Garza v. Blanton*, 55 S.W.3d 708, 711 (Tex. App.—Corpus Christi 2001, no pet.). The decision to award retroactive child support is within the broad discretion of the trial court. *See* TEX. FAM. CODE ANN. § 154.131 (West 2014); *In re J.C.K.*, 143 S.W.3d 131 (Tex. App.—Waco 2004, no pet.) (citing *In re Valadez*, 980 S.W.2d 910, 913 (Tex. App.—Corpus Christi 1998, pet. denied); *In re S.E.W.*, 960 S.W.2d 954, 956 (Tex. App.—Texarkana 1998, no pet.)); *see also Nieto v. Nieto*, No. 04-11-00807-CV, 2013 Tex. App. LEXIS 5331, at **40-41 (Tex. App.—San Antonio May 1, 2013, pet. denied) (mem. op.) (citing *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 582 (Tex. App.—Houston [1st Dist.]

---

[3] Additionally, we note that appellant has failed to articulate any harm resulting from the ordering of the genetic testing.

1997, pet. denied)). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *see Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Here, appellant asserted that appellee is a truck driver and has been intentionally underemployed to avoid paying child support. In support of her claim for retroactive child support, appellant introduced printouts from indeed.com, which indicates that the average yearly salary for "CDL b" drivers in Houston, Texas, is approximately $53,000-$55,000.

Appellee responded by submitting a Wage and Income Transcript Form 1099-MISC from the Internal Revenue Service that showed he earned $14,133 from Milestone Delivery during the 2013 tax year. Appellee earned an additional $25,045 from On Time Freight Services, LLC during the same time period. For the 2014 tax year, appellee earned $13,345 from Lee-Exco International Expedito, $1,012 from C&Q Enterprises, Inc., and $5,206 from Kirt Gaskin. Additionally, appellee submitted copies of checks issued by Julio Donis d/b/a Donis Trucking for numerous weeks in 2015, many of which were in the amount of $650 for a week's worth of work.

At the final hearing, appellant testified that appellee had only bought the children school clothes and paid $200 in child support since 2013. Appellee noted that he should not have to pay back child support because he has "always taken care of [his] children."

Specifically, appellee stated: "But I have always took [sic] care of my kids—when I got paid on the Friday, I would make sure money be token [sic] to her auntie's, uncle's or anybody [sic] house. Every Friday or every other week." Appellee further testified that he has bank statements that prove he actually paid child support in the past.

At the conclusion of the testimony, the trial court ordered appellee to "pay child support in the amount of $521.93 based on the exhibits that have been admitted with a net—or a gross monthly income of $2,570 per month. I am going to note that the gross monthly income for Mrs. Rivers is $916.66 a month." And when appellant requested retroactive child support, the trial judge stated that he was "not going to order any past child support."

> [B]ecause the trial court is in a better position to determine the candor, demeanor, and credibility of the witnesses, we will not substitute our judgment for that of the trial court. *See Garner v. Garner*, 200 S.W.3d 303, 308 (Tex. App.—Dallas 2006, no pet.), *overruled on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011); *see also In re A.L.F.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that the trial court is best able to observe and assess the witnesses' demeanor and credibility and to sense "forces, powers, and influences" that may not be apparent merely from reading the record on appeal). Instead, we defer to the trial court's resolution of underlying facts and to the credibility determinations that may have affected its decision. *In re A.L.F.*, 279 S.W.3d at 427. Thus, an abuse of discretion will generally not occur when a trial court bases its decision on conflicting evidence. *In re De La Pena*, 999 S.W.2d 521, 526 (Tex. App.—El Paso 1999, no pet.).

*In re Hernandez*, No. 10-09-00136-CV, 2011 Tex. App. LEXIS 6441, at **7-8 (Tex. App.—Waco Aug. 10, 2011, no pet.) (mem. op.).

As shown above, the record contains conflicting testimony about whether appellee provided adequate child support in the past. *See In re A.L.F.*, 279 S.W.3d at 427; *In re De La Pena*, 999 S.W.2d at 526. Moreover, in her pro se live pleading, appellant simply requested "past child support" without any qualifiers. Though the record shows that the children were born in 1997 and 2002, there is no evidence of appellee's income for the years of 1997 through 2013. Therefore, based on the lack of evidence in the record of appellee's income from 1997 to 2013, appellant's vague request for retroactive child support, and the conflicts in the evidence regarding the amount of child support appellee provided in the past, we cannot say that the trial court abused its discretion in denying appellant's request for retroactive child support. *See* TEX. FAM. CODE ANN. § 154.131; *In re J.C.K.*, 143 S.W.3d at 131; *In re Valadez*, 980 S.W.2d at 913; *In re S.E.W.*, 960 S.W.2d at 956; *see also Nieto*, 2013 Tex. App. LEXIS 5331, at **40-41. We overrule appellant's second issue.

### III. GEOGRAPHIC RESTRICTION

In her third issue, appellant complains about a geographic restriction on the primary residence of the children. The entirety of appellant's complaints in this issue is as follows:

> The trial court abused its discretion [by] imposing [a] geographical restriction requiring [the children] to remain in Brazos or contingent [sic] counties. The father testify [sic] he live [sic] . . . which is in Harris County. The mother resided in Brazos [C]ounty starting in 2013 due to a previous job. Appellant and children are from Houston, Texas. However, on the final divorce decree it stated that the Appellee does not live in Harris County. There was simply no evidence to support this order to impose [a]

geographical restriction[;] the trial court should have not exercised its discretion and it should have [sic], it acted arbitrarily and unreasonably.

First, we note that the final divorce decree names appellant and appellee as joint managing conservators of the children. It also contains the following language:

> IT IS FURTHER ORDERED that Robin Rivers shall have the exclusive right to designate the children's primary residence within Brazos County and contiguous counties.

> IT IS FURTHER ORDERED that this geographical restriction on the residence of the children shall be lifted if, at the time Robin Rivers wishes to remove the children from Brazos County and contiguous counties for the purpose of changing the primary residence of the children, Malcolm Rivers does not reside in Brazos County and contiguous counties or Harris County.

The aforementioned language, which is the basis of appellant's complaint, simply states that if appellant desires to move the children from Brazos County or counties contiguous to Brazos County and appellee no longer lives in Harris County, Brazos County, or the counties contiguous to Brazos County, the geographic restriction would be lifted. And though appellant correctly notes that appellant testified at the final hearing that he lives in Harris County, nothing in the final divorce decree contradicts appellee's testimony. In fact, the final divorce decree states that appellee's current residence is "12603 Northboroughs, Houston, TX 77067."[4] And other than this alleged discrepancy,

---

[4] We take judicial notice that Houston is the county seat of Harris County. *See* Harris County, Texas, https://en.wikipedia.org/wiki/Harris_County,_Texas (last visited Sept. 27, 2016); *see also* TEX. R. EVID. 201(b)-(c); *MCI Sales & Serv., Inc. v. Hinton*, 272 S.W.3d 17, 26 n.5 (Tex. App.—Waco 2008) (noting that judicial notice may be taken for the first time on appeal), *aff'd*, 329 S.W.3d 475 (Tex. 2010).

appellant does not adequately explain how the trial court abused its discretion in imposing the geographic restriction on the primary residence of the children. *See* TEX. R. APP. P. 38.1(i); *see also In re T.J.S.*, 71 S.W.3d 452, 458 (Tex. App.—Waco 2002, pet. denied) (noting that we review child-custody orders under an abuse-of-discretion standard); *In re J.R.P.*, 55 S.W.3d 147, 151 (Tex. App.—Corpus Christi 2001, pet. denied) (same). We therefore overrule appellant's third issue.

## IV.    MEDICAL AND DENTAL SUPPORT FOR THE CHILDREN

In her fourth issue, appellant argues that the trial court abused its discretion in failing to require appellee to provide medical and dental support for the children. We disagree.

As noted earlier, appellee was ordered to pay $521.93 per month in child support. With regard to health-care coverage, appellant testified that the children are covered under Medicaid. Moreover, the final divorce decree states: "Robin Rivers is ORDERED to continue coverage under a governmental medical assistance program or health plan for each child who is the subject of this suit." The decree further orders appellant and appellee to equally share reasonable and necessary health-care expenses for the children that are not reimbursed by health insurance or other health-care coverage. In other words, the children's medical and dental expenses are covered through Medicaid, a government-assistance program. And in the event that a reasonable and necessary procedure is not covered by Medicaid, appellee is responsible for 50% of the total

uncovered health-care expenses. Furthermore, appellant does not direct us to any evidence demonstrating that the trial court abused its discretion with regard to medical and dental support for the children. We therefore cannot say that the trial court clearly abused its discretion with regard to medical and dental support for the children. *See* TEX. FAM. CODE ANN. §§ 154.181-.183 (West 2014 & Supp. 2016); *see also Brendel v. Brendel*, No. 04-08-00883-CV, 2009 Tex. App. LEXIS 8747, at *23 (Tex. App.—San Antonio Nov. 11, 2009, no pet.) (mem. op.) ("A trial court's medical support order will not be disturbed on appeal unless the complaining party shows that the order constituted a clear abuse of discretion. . . . In determining if the trial court's medical support order constitutes a clear abuse of discretion, the reviewing court must indulge every legal presumption in favor of the trial court's judgment." (citing *Holley v. Holley*, 864 S.W.2d 703, 706-07 (Tex. App.—Houston [1st Dist.] 1993, writ denied))). We overrule appellant's fourth issue.

## V. APPELLANT'S POST-JUDGMENT MOTIONS

In her fifth issue, appellant contends that the trial court abused its discretion in denying her motion to compel, motion for new trial, and request for findings of fact and conclusions of law.

The record reflects that appellant filed a handwritten motion to compel, which was entirely comprised of the following: "Motion to Compel. Requesting motion to compel wife discovery request. Defendant work for independent contractor or self employed." Nevertheless, the record does not reflect that the trial court ruled on appellant's motion

to compel.  Without a ruling from the trial court on the motion to compel, we cannot say that appellant has preserved her complaint as to the motion to compel.  *See* TEX. R. APP. P. 33.1(a)(1); *see also Kadhum v. Homecomings Fin. Network, Inc.*, No. 01-05-00705-CV, 2006 Tex. App. LEXIS 3401, at *5 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (mem. op.) ("Because the record does not show that a motion to compel was presented to the trial court or ruled on, any possible error is not preserved for review." (citing TEX. R. APP. P. 33.1(a); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991))).

Next, appellant complains about her motion for new trial and request for findings of fact and conclusions of law—both of which were contained in the same filing.  The record does not indicate that the trial court ruled on these requests.  In a case tried without a jury, any party may request, within twenty days after the judgment is signed, that the trial court prepare findings of fact and conclusions of law.  TEX. R. CIV. P. 296.  Here, the final divorce decree was signed on December 28, 2015.

The record does not show that appellant filed a notice of past-due findings of fact and conclusions of law, though required to do so by Texas Rule of Civil Procedure 297 when the trial court fails to file such findings and conclusions.  *See id.* at R 297.  Because appellant did not timely file a notice of past-due findings of fact and conclusions of law, we conclude that this appellate complaint is waived.  *See id.* at R. 296, 297; *see also Guillory v. Boykins*, 442 S.W.3d 682, 694 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 255-56 (Tex. 1984)).

And finally, with regard to appellant's motion for new trial, we note that the motion is premised entirely on appellant's contention that appellee should pay back child support. In her second issue, we concluded that the trial court did not abuse its discretion in declining to award appellant retroactive child support. Based on our analysis in appellant's second issue, we cannot say that the denial of appellant's motion for new trial was an abuse of discretion. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (noting that we review a ruling on a motion for new trial under an abuse-of-discretion standard). Therefore, based on the foregoing, we overrule appellant's fifth issue.

## VI. CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 2, 2016
[CV06]