

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00394-CV

Adalgiza **GARCIA**,
Appellant

v.

Derly **MASCORRO**,
Appellee

From the County Court at Law, Starr County, Texas
Trial Court No. CC-20-170
Honorable Orlando Rodriguez, Judge Presiding

Opinion by:      Liza A. Rodriguez, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: March 22, 2023

AFFIRMED IN PART; REVERSED IN PART AND REMANDED

This appeal arises from a final decree of divorce after a bench trial. On appeal, Adalgiza Garcia argues (1) the trial court erred in characterizing her separate property as community property; and (2) the trial court erred in failing to order Derly Mascorro to pay her child support, including retroactive child support. Because we agree the trial court erred in characterizing Garcia's separate property as community property, we reverse the portion of the trial court's final decree that divides the marital estate.

BACKGROUND

Garcia and Mascorro married in 1995 and had three children during their marriage. At the time of the bench trial on October 22, 2020, only one of their children, D.M., was still a minor. A month later, on November 25, 2000, D.M. turned eighteen years old. The trial court did not sign the final decree of divorce until June 20, 2021. In the final decree, the trial court found that Mascorro was not obligated to pay child support, including any retroactive child support requested by Garcia.

With regard to their assets, the trial court ordered their home to be sold, with 75% of the net proceeds from the sale being awarded to Mascorro and only 25% of the net proceeds from the sale being awarded to Garcia. This family home, located at 77 Ramirez Road, sits on two lots. It is undisputed that these two lots were gifted to both Garcia and Mascorro during their marriage. That is, on July 19, 2000, by gift deed, Mascorro's mother transferred the two lots to her "beloved son and daughter-in-law, Derly A. Mascorro and wife, Adalgiza G. Mascorro." The family home was then built on the lots during the marriage. Garcia and Mascorro separated in 2015. Garcia left the family home and went to live with others. Mascorro remained living in the family home, paying all the house bills and property taxes.

CHARACTERIZATION OF PROPERTY

In her first issue, Garcia argues the trial court erred in characterizing the family home as community property. She points out that the two lots on which the family home sits were given to her and Mascorro, and as gifts, they are separate property. Thus, she argues the trial court erred in mischaracterizing her separate property as community property. In response, Mascorro contends that because the family home was built with community funds, the real property can be recharacterized as community property.

"Generally, the characterization of property as separate or community is determined by its character at inception, often referred to as the 'inception of title' doctrine." *Blair v. Blair*, 642 S.W.3d 150, 156 (Tex. App.—El Paso 2021, no pet.). Both the Texas Constitution and the Texas Family Code define separate property as property owned before marriage, or acquired during marriage by gift, devise, or descent. *See* TEX. CONST. art. XVI, § 15 ("All property, both real and personal, of a spouse owned or claimed before marriage, and that acquired *afterward by gift*, devise or descent, shall be the separate property of that spouse . . . .") (emphasis added); TEX. FAM. CODE 3.002 ("Community property consists of the property, *other than separate property*, acquired by either spouse during marriage."); *see also Roberts v. Roberts*, 402 S.W.3d 833, 838 (Tex. App.—San Antonio 2013, no pet.) ("Separate property includes property . . . acquired by a spouse during marriage by gift, devise, or descent."). Accordingly, it is unconstitutional for a trial court to divest a party of his or her separate property by awarding any portion of it to another party. *Blair*, 642 S.W.3d at 156. For this reason, a trial court that improperly divests a party in his or her interest in separate property commits reversible error as a matter of law without the need of a harm analysis. *Id*.

It is undisputed that the two lots on which the family home was built are Garcia's and Mascorro's separate property. Although the family home was built on the separate property during the marriage, "it is well-established that any improvements made to a spouse's separate property during marriage, including the construction of a residence or other buildings thereon, are considered the spouse's separate property, and the community receives no 'right, title or interest in or to the land.'" *Id*. at 156-57 (quoting *Burton v. Bell*, 380 S.W.2d 561, 565 (Tex. 1964)); *see also Kite v. Kite*, No. 01-08-00643-CV, 2010 WL 1053014, at *2-4 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (holding marital residence built on husband's separate property was his separate property). "As the Texas Supreme Court has explained, this is so because the

'improvements become attached to the soil, and cannot, in the nature of things, be divisible in specie when one of the joint owners has no interest in the land upon which they have been erected.'" *Blair*, 642 S.W.3d at 157 (quoting *Burton*, 380 S.W.2d at 561). Therefore, even though the family home was built during the marriage, because it was built on separate property, the family home is also characterized as separate property. *See id.* We hold the trial court erred in this case by characterizing the family home and land, commonly known as 77 Ramirez Road, as community property. *See id.* Further, by awarding Garcia only 25% of the proceeds from the sale of 77 Ramirez Road, the trial court erred in divesting her of her separate property.

Having determined that the trial court mischaracterized 77 Ramirez Road as community property and divested Garcia of her interest in 77 Ramirez Road, we are required to reverse and remand the issue of property division to the trial court for a retrial on the division of the marital estate. *See Blair*, 642 S.W.3d at 161; *see also In re Marriage of Case*, 28 S.W.3d 154, 161 (Tex. App.—Texarkana 2000, no pet.) (explaining that when a trial court mischaracterizes separate property as community property, and the mischaracterized property has value that would have affected the trial court's just and right division, the appellate court must remand the entire community estate to the trial court for a just and right division of the property characterized as community property).[1]

### CHILD SUPPORT

In her second issue, Garcia complains the trial court erred in failing to order Mascorro to pay her child support and retroactive child support. Section 151.001 of the Family Code permits a trial court to order either or both parents to pay child support. *See* TEX. FAM. CODE § 151.001. Additionally, section 154.009 allows a trial court to order a parent to pay retroactive child support

---

[1] We note that having sustained Garcia's first issue, we need not address the alternative arguments made in her third and fourth issues.

if the parent (1) has not previously been ordered to pay support for the child, and (2) was not a party to a suit in which support was ordered. TEX. FAM. CODE § 154.009. We review a trial court's decision to award child support or retroactive child support for abuse of discretion. *Garza v. Blanton*, 55 S.W.3d 708, 710-11 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.). Under this standard, sufficiency of the evidence is not an independent ground of error but is a factor in assessing whether the trial court abused its discretion. *In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

At trial, Garcia testified that after her separation from Mascorro in 2015, the children lived with her. When asked if Mascorro ever voluntarily paid child support for the children, Garcia testified he would pay "thirty, forty dollars every now and then." She also testified that seventeen-year-old D.M., who had given birth to a baby about three months before trial, would sometimes take her baby to visit Mascorro, but "the majority of time she lives with [Garcia]." In contrast, Mascorro testified that since the time of their separation, the children would move back and forth between him and Garcia: "Well, they would live with me, and then their mother left and she started renting, and they would go with them and then they would come back with me for school." According to Mascorro, when the children were in school, they lived with him the majority of the time. Mascorro also testified that after he and Garcia separated, he gave Garcia and the children money. His testimony was not specific as to duration and amount of money he provided. He also claimed that D.M. and her child lived with him.

At the end of trial, with regard to whether Garcia's request for child support and retroactive child support should be granted, the trial court stated,

> Let me ask both of you all this, why is it that you didn't call any of the children as witnesses to testify where they were living at [sic], because that leaves a big old quandary for the court. If the minor child who just had the child was living with dad at dad's house, why should he be obligated to pay child support? But nothing was presented, so that leaves me at a loss . . . .

Garcia's counsel responded that D.M. "continues to live with mom and mom continues . . . [to take] care of two mouths . . . ." The trial court again emphasized that without testimony from the children, the court was "in a quandary as far as trying to figure really . . . how to decide retro[active] child support or anything." In its final decree, the trial court refused to award any child support or retroactive child support.

In reviewing this record, we find no abuse of discretion by the trial court in failing to award any child support or retroactive child support to Garcia. There was disputed evidence presented regarding where the children lived during Garcia and Mascorro's separation. Garcia testified the children lived with her. In contrast, Mascorro testified that the children lived at his home the majority of the time and that he financially supported them during the separation. "The trial court, as sole judge of the credibility of witnesses, may choose whether to believe a particular witness." *In re Marriage of Grossnickle*, 115 S.W.3d 238, 248 (Tex. App.—Texarkana 2003, no pet.). Thus, the trial court was free to believe Mascorro's testimony and disbelieve Garcia's testimony. *See In re Marriage of Elabd*, 589 S.W.3d 280, 288 (Tex. App.—Waco 2019, no pet.) (explaining that "[a]n abuse of discretion generally does not occur when a trial court bases its decision on conflicting evidence" because it is within the fact finder's province to resolve such conflicts in the evidence). Accordingly, based on this record, the trial court could have reasonably concluded Garcia did not meet her burden in proving her claims for child support and retroactive child support. We hold the trial court did not err in failing to award child support and retroactive child support to Garcia.[2]

---

[2]Having found no abuse of discretion by the trial court in failing to award Garcia child support or retroactive child support, we need not reach Garcia's issue regarding the trial court "prematurely terminating Mascorro's child support obligations" on the basis of D.M. being emancipated.

**CONCLUSION**

Because the trial court erred in characterizing 77 Ramirez Road as community property, we reverse the portion of the final decree of divorce that determines and divides the marital estate, and remand the cause to the trial court for it to receive evidence necessary to find what property comprises the marital estate and render a just and right division of the community property. *See Garcia v. Garcia*, No. 04-19-00796-CV, 2021 WL 2556622, at *4 (Tex. App.—San Antonio June 23, 2021, no pet.). We affirm the remainder of the final decree of divorce.

Liza A. Rodriguez, Justice